[Crim. No. 135. Third Appellate District.—May 14, 1910.]

## In re Application of CARROLL COOK for Writ of Habeas Corpus, on Behalf of CHARLES MURRAY.

CRIMINAL LAW—ATTEMPT TO ESCAPE FROM STATE PRISON—FELONY—IN-VALID CHARGE OF ESCAPE.—Conceding that section 105 of the Penal Code, punishing the crime of escape from the state prison by imprisonment therein for a term equal in length to the term the defendant was serving at the time of such escape, to commence from the time he would otherwise have been discharged from said prison, is invalid, as being in conflict with the state and federal constitutions, yet where under such charge the defendant pleads not guilty, and afterward pleads guilty to the distinct charge embodied in section 106 of the Penal Code, making it a felony to attempt to escape from the state prison, the legislature has in effect embodied section 18 of the Penal Code defining the punishment for a felony with section 106 thereof.

ID.—CRIME OF ATTEMPTING TO ESCAPE EMBODIED IN CHARGE OF ESCAPE. The crime of an attempt to escape is necessarily embodied in the language of the charge of an escape, even though such charge is not valid, since no one can escape from state's prison without attempting to escape therefrom.

ID.—ABSENCE OF DEMURRER.—In the absence of a demurrer to the indictment, whatever defects may characterize the mode of statement of the offense of which the defendant pleaded guilty were waived by the plea, which amounted to an admission that the offense to which he confessed his guilt was within the language of the indictment.

ID.—COURT CLOTHED WITH POWER TO SENTENCE AND PUNISH.—After such plea of guilty of an attempt to escape, the court was clothed with full power and jurisdiction to pronounce and cause to be entered the judgment of punishment for the felony charged.

ID.—WRIT OF HABEAS CORPUS NOT TENABLE.—A writ of *habeas corpus* to test the validity of such additional judgment for felony must be discharged, and the prisoner remanded to the warden of the state prison.

PETITION for discharge on writ of *habeas corpus* from custody of warden of state prison.

The facts are stated in the opinion of the court.

A. S. Newburgh, and Carroll Cook, for Petitioner.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HART, J.—The contention of the petitioner is that Murray is now restrained of his liberty by the warden of the state prison at Folsom upon a commitment issued under a void judgment; that such restraint is therefore illegal, and that the prisoner is entitled to be released therefrom through the writ of *habeas corpus.*

It appears that, while undergoing a sentence of imprisonment for the term of ten years in the state prison at Folsom, and before the expiration of said term, Murray, on the seventeenth day of May, 1904, escaped from said prison; that, subsequently, he was apprehended, and that thereafter the grand jury of Sacramento county returned to the superior court of said county an indictment purporting to charge him with the crime of escaping from state prison, as defined by section 105 of the Penal Code. Upon his arraignment upon this indictment, Murray entered a plea of not guilty. Subsequently, however—on December 8, 1904—he withdrew said plea to said indictment and entered a plea, under the allegations of the same indictment, of guilty of the crime of attempting to escape. Thereupon the court sentenced the prisoner to a term of three years in the state prison at Folsom, the term of imprisonment therefor to commence "from the time such convict would otherwise have been discharged from said prison." (Pen. Code, sec. 106.)

If allowed under his first sentence the credits to which, upon certain conditions, he would be entitled under the terms of section 1588 of the Penal Code (Deering's edition, 1909), Murray would now be entitled to his discharge but for the sentence or judgment of imprisonment pronounced and entered against him on his plea of guilty of the crime of attempting to escape from said prison.

The claim of the petitioner on behalf of the prisoner is that the indictment failed to state a public offense because of the alleged invalidity of section 105 of the Penal Code, under which said indictment was framed, and that, therefore, "all proceedings thereafter had were void as being beyond the jurisdiction of the court."

The argument upon this point is that if the provisions of section 105 of the Penal Code are in violation of the state and federal constitutions, as is the contention, then the in-

dictment, being based upon said section, necessarily failed to state any offense of whatsoever nature. In other words, the claim is that if the indictment does not charge the crime of "escaping from the state prison," it cannot charge the crime of "attempting to escape from state prison," for, so the argument goes, an attempt to commit an act which, when consummated, is not a crime, cannot itself be a crime.

Section 105 of the Penal Code reads as follows: "Every prisoner confined in the state prison for a term less than for life, who escapes therefrom, is punishable by imprisonment in the state prison for a term equal in length to the term he was serving at the time of such escape; said second term of imprisonment to commence from the time he would otherwise have been discharged from said prison."

The indictment challenged here is substantially in the language of the foregoing section, and there is no claim that, if said section is not out of harmony with certain provisions of the state and federal constitutions, the allegations of said indictment do not properly set forth a public offense.

The validity of the section of the code under which the indictment was framed is attacked upon the ground that the punishment therein prescribed is such as that it operates with manifestly unjust and unwarranted inequality upon prisoners adjudged guilty of escaping from prison, and that, consequently, the section is in direct conflict with the terms of the fourteenth amendment of the constitution of the United States, guaranteeing to all the equal protection of the law, and with certain provisions of the state constitution, among which is the provision that all laws of a general nature shall have a uniform operation, etc.

This position, while new in this state, has been sustained in other jurisdictions upon what I conceive to be unanswerable reasoning. (*State* v. *Lewin*, 53 Kan. 679, [37 Pac. 168]; *In re Mallon*, 16 Idaho, 737, [102 Pac. 374]; *Barbier* v. *Connolly*, 113 U. S. 27, [5 Sup. Ct. Rep. 357]; *Coon Hing* v. *Crowley*, 113 U. S. 703, [5 Sup. Ct. Rep. 730]; *Hayes* v. *Missouri*, 120 U. S. 68, [7 Sup. Ct. Rep. 350].) But, conceding that section 105 of the Penal Code is invalid for the reasons suggested, we are nevertheless of the opinion that the indictment stated the offense defined by section 106 of the Penal Code,

which provides: "Every person confined in the state prison for a term less than for life, who attempts to escape from such prison, is guilty of a felony, and, on conviction thereof, the term of imprisonment therefor shall commence from the time such convict would otherwise have been discharged from said prison."

It is thus to be seen that the legislature, by the terms of the foregoing section, has declared as a distinct offense, entirely apart from and in no manner or degree or to any extent whatsoever dependent for its force or vitality on the provisions of section 105, the act of attempting to escape from such prison. In other words, section 106 receives no vital force from the provisions of section 105. No one will for a moment question or doubt the power and the right of the legislature to denounce the act of attempting to escape from a prison as a crime, regardless of whether it makes the act of actually escaping from such prison a crime. The legislature has declared that any prisoner confined in a state prison for a term less than for life who *attempts* to escape from such prison is guilty of a felony, and if the legislature has for any reason failed to declare it a crime for such prisoner to effect his escape from such prison, this mere omission cannot of itself in any measure or in any sense render the act of attempting to escape any the less a crime. Of course, if the legislature had not made the act of attempting to escape from a state prison itself a specific and distinct crime, then the position of counsel for the prisoner would be unimpeachable, assuming that section 105 is void. But, as seen, the crime of attempting to escape is as distinct from the crime of escaping as grand larceny is from robbery, although, as is true as to the two last-named offenses, the first two necessarily possess, in some respects, the same elements.

It follows from the views thus far ventured that there can be no merit in the suggestion that, if section 105 is void, there can be no penalty imposed in the case of the violation of section 106. The penalty prescribed by the last-mentioned section is entirely different from that which section 105 pretends to authorize. Section 106 declares the act therein described to be a felony, but does not expressly prescribe the penalty for the commission thereof. No difficulty, however, results from this omission, since the Penal Code elsewhere (section

18) provides that "except in cases where a different punishment is prescribed by this code, every offense declared to be a felony is punishable by imprisonment in the state prison not exceeding five years," and thus a penalty for the act denounced by section 106 is as clearly and definitely fixed and prescribed as if the language of section 18 had been expressly referred to by section 106. The legislature, in other words, has itself made section 18 a part of section 106, so far as the penalty is concerned.

The remaining question is, Did the indictment state the crime defined by section 106 of the Penal Code and to which the prisoner entered a plea of guilty?

As before stated, the allegations of the indictment are substantially in the language of section 105 of the Penal Code, and attempted to charge the prisoner with the crime of escaping from a state prison. Necessarily the crime of attempting to escape from the state prison is included within the act of escaping from said prison, for, manifestly, one could not escape without first making the *attempt* to escape, and if, as counsel undertake to maintain, there be no such crime as "escaping from a state prison," the charge that the prisoner attempted to escape is, of necessity, included if not within any crime alleged, within the language by which the alleged crime of "escaping," etc., is set forth in the indictment.

We do not intend to be understood as saying that, if the only offense sought to be charged against the prisoner was that of an attempt to escape from a prison, the indictment would not have been compelled to yield to the claims of a demurrer; but there was no demurrer, and, therefore, whatever defects might characterize the statement of the offense to which the prisoner pleaded guilty were waived by said plea. His plea, in other words, amounted to an admission that the offense of which he thus confessed his guilt was within the language of the indictment. As is said in *In re Myrtle*, 2 Cal. App. 383, [84 Pac. 335], the indictment, taken with the plea of the prisoner, establishes a case of attempt to escape from a prison as completely as if it had in fact been specifically alleged in the indictment that the prisoner had made an attempt to escape. As we have stated, an attempt to escape is necessarily charged by the statement that the prisoner did escape, and thus the court, after the plea of guilty, was clothed with

full power and jurisdiction to pronounce and cause to be entered the judgment upon which the prisoner is suffering the restraint of which he here complains.

We doubt not that the court had jurisdiction to accept the plea of the prisoner and thereupon to pronounce the challenged judgment.

The writ will therefore be discharged and the prisoner remanded to the warden of the state prison.

Burnett, J., and Chipman, P. J., concurred.