[Crim. No. 2406. Second Appellate District, Division One.—November 9, 1933.]

THE PEOPLE, Respondent, v. MIKE ANDRICH et al., Appellants.

Max Schleimer for Appellant Andrich.

Mathew M. Pendo for Appellant Trutich.

U. S. Webb, Attorney General, and Seibert L. Sefton for Respondent.

CONREY, P. J.—These defendants, together with one Oreb, were by the information charged with the crime of grand theft in that they did wilfully, etc., steal a bovine animal, of the personal property of the Santa Catalina Island Company. To this information they pleaded guilty and applied for probation. In denying these applications for probation and in sentencing appellants to imprisonment in the state prison at San Quentin, the court based its action upon the sole ground that the probation law as found in section 1203 of the Penal Code, does not authorize, and in fact prohibits, probation in this case. In killing the steer which was stolen by the defendants, and as a part of

such stealing, they used a rifle and shotgun. The judge stated that if it were not for the above-mentioned provisions of the probation law he would have admitted the defendants to probation.

■ In section 1203 of the Penal Code it is provided that "probation shall not be granted to any defendant who shall have been convicted of . . . grand theft . . . and who at the time of the perpetration of said crime . . . was armed with a deadly weapon (unless at the time he had a lawful right to carry the same), nor to a defendant who used or attempted to use a deadly weapon in connection with the perpetration of the crime of which he was convicted . . ." The only point presented upon behalf of defendant Trutich is that it was not within the intention of the legislature to restrict probation "to the extent of including (the theft of) a bovine animal". The language of the statute is so clear and plain that we find no reason for any construction thereof which would justify the exception for which appellants contend. The point is without merit.

■ Appellant Andrich, in addition to the same point above mentioned, contends that subdivision 3 of section 487 of the Penal Code, upon which the information was based, is class legislation and therefore unconstitutional, and that for this reason the information charging the theft of "a bovine animal" does not state or charge the commission of any crime. The alleged defect in the statute is said to be that according to the terms of the section the theft of certain animals constitutes grand theft, and the theft of other kinds of animals constitutes petty theft, and the theft of any animal constitutes grand theft if the value exceeds $200. It is claimed that because the degree of the crime depends in one case upon the value of the animal and in the other upon the kind of animal stolen, therefore that the section does not have a uniform operation, and that the legislature had no legal right to "classify the punishment" as it did.

We are of the opinion that the classification of offenses contained in the challenged statute is justified by differences between thefts of the different kinds of animals which may be stolen, and that the distinctions made by the law have not interfered with the uniform operation thereof within

the meaning of the constitutional provision that all laws shall have a uniform operation. We are further of the opinion that the said law does not deprive any person of the equal protection of the law. ▮ Summarizing the objections of appellant Andrich to the validity of said subdivision 3 of section 487 of the Penal Code, they are that the subdivision is obnoxious to sections 11 and 21 of article I, and section 25 of article IV of the Constitution of California, and repugnant to section 1 of the Fourteenth Amendment to the Constitution of the United States. We think that these points are all without merit.

The judgments are, and each of them is, affirmed.

Houser, J., and York, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 7, 1933.