[Crim. No. 2187. First Dist., Div. One.—June 25, 1941.]

THE PEOPLE, Respondent, v. WILLIAM CARSON, Appellant.

William Carson, *in pro. per.*, for Appellant.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

PETERS, P. J.—Defendant, upon pleas of guilty, was convicted of two offenses of receiving stolen goods, and also of two prior convictions for which he had served terms in the state prison, both felonies enumerated in § 644 of the Penal Code. By the judgment he was adjudged to be an habitual criminal and sentenced to twelve years to life at Folsom, the sentences on the two offenses to run concurrently. About a year later, the defendant moved to vacate and set aside the judgment in so far as it adjudged him to be an habitual criminal. The present appeal is from the order of the trial court denying this motion.

Assuming it was within the power of the trial court to entertain the motion to vacate at the time and on the grounds now urged, we are of the opinion that such motion was properly denied.

The appellant, who appears *in propria persona,* first contends that his pleas of guilty to the two charges were obtained as a result of promises made to him by the police officer who filed the complaints, that, if the defendant would plead guilty to the charges of receiving stolen goods, no charges based on the prior convictions would be filed. So far as this contention is concerned, there is a direct conflict in the evidence. The defendant testified that such a promise had been made to him. The police officer in question when asked: "Now, did you make any such promise?", answered, "I did not." He was also asked: "Did you promise him that if he pleaded guilty to those two charges of Receiving Stolen Property, you would forget about the priors, or words to that effect?" He replied: "No, I did not." In view of this direct conflict in the evidence it must be held that the trial court did not abuse its discretion in denying the motion on this ground. The implied finding that no such promises were made is amply supported by substantial evidence.

Appellant points out that the record shows that the charges involving the two prior convictions were added to the complaints by the superior court after the case had been certified to that court by the municipal court, and urges that there is no statutory provision authorizing the superior court to amend complaints by adding charges involving prior convictions, after the case has been certified to the superior court by the municipal court.

In this regard the record shows the following: On January 18, 1940, two complaints were properly filed in the municipal court, each charging appellant with the offense of receiving stolen goods. In the presence of his counsel, the public defender, who was present at all stages of the proceedings, the defendant pleaded guilty to both complaints, and the cases were certified to the superior court for the purpose of imposing sentence. On January 24, 1940, in the superior court, the two complaints were amended on their face, on motion of the district attorney, to charge the defendant, in the language required by § 644 of the Penal Code, with five prior convictions. The record shows that a court order was made permitting the complaints to be so amended. On February 5, 1940, the superior court, on motion of the district attorney, dismissed three of the charges involving three of the prior convictions for the reason that these priors were not of

offenses enumerated in § 644 of the Penal Code. The remaining two priors—one in 1914 for robbery, and one in 1917 for burglary, on each of which it was alleged terms were served by the defendant at Folsom—admittedly properly charged prior convictions of offenses enumerated in the habitual criminal section. On the same day the trial court denied the motion of the defendant to withdraw his pleas of guilty to the two charges that he had received stolen goods. The defendant, after being fully advised, then pleaded guilty to the two prior convictions. Judgment was thereupon made and entered on the same day finding defendant guilty of each of the two charges of receiving stolen property, of the two priors, adjudging him to be an habitual criminal, sentencing him to Folsom for life, with a provision that he should not be eligible for parole until he serves twelve years. The same judgment was entered on each conviction, with the further provision that the two sentences should run concurrently. These judgments have long since become final.

The motion to vacate and modify the judgment, in so far as it adjudicates defendant to be an habitual criminal, was filed in January, 1941, and denied by the trial court on February 11, 1941.

It is appellant's theory that the superior court had no power to amend the complaints by adding the charges involving the prior convictions, and for this reason had no jurisdiction to adjudge him to be an habitual criminal. Section 859a of the Penal Code provides that the magistrate, in all but those felonies punishable by death, where the prosecution is instituted by the filing of a complaint, may take the plea of the accused, and thereafter he shall certify the case to the superior court. Section 969a of the Penal Code provides for the circumstances under which an indictment or information may be amended to charge prior convictions. Appellant argues that § 969a, *supra*, does not permit the amendment, in this respect, of a complaint as distinguished from an indictment or information. That is undoubtedly correct. But there is another section of the code which expressly authorizes the superior court to amend a complaint by adding charges of prior convictions. Section 969½ of the Penal Code, dealing with proceedings in the superior court, provides: "Whenever it shall be discovered that a pending complaint to which a plea of guilty has been made under section 859a of

this code does not charge all prior felonies of which the defendant has been convicted either in this state or elsewhere, said complaint may be forthwith amended to charge such prior conviction or convictions and such amendments may and shall be made upon order of the court. The defendant shall thereupon be arraigned before the court to which the complaint has been certified and must be asked whether he has suffered such previous conviction. If he answers that he has, his answer must be entered by the clerk in the minutes of the court, and must, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answers that he has not, his answer must be entered by the clerk in the minutes of the court, and the question whether or not he has suffered such previous conviction must be tried by a jury impanelled for that purpose, unless a jury is waived, in which case it may be tried by the court. The refusal of the defendant to answer is equivalent to a denial that he has suffered such previous conviction.''

In the present case the record shows that the procedure outlined in this section was followed. Upon discovery that the defendant had suffered the prior convictions, and after the case had been certified to the superior court, that court made its order amending the complaint by adding the charges involving the prior convictions. The defendant had already, in the municipal court, been arraigned and had pleaded guilty to the main charges. He was thereupon arraigned in the superior court on the charges of having suffered two prior felony convictions. The record shows that he was fully advised as to his rights and then pleaded guilty.

 Appellant contends that the priors were not properly charged because the amendments by which they were added to the complaint, so far as the record shows, were unsigned. Section 969½ of the Penal Code does not require such amendments to be signed. The amendments are given vitality by the order of the court, which was duly and properly made. The complaints were amended upon their face. When this order was made the amendments became an integral part of the original complaints. It is true that this court in *People* v. *Murray*, 42 Cal. App. (2d) 209 [108 Pac. (2d) 748], commented on the fact that in that case the amendments to the information there involved were unsigned. The statement

made in that case is as follows (p. 218) : "The prior convictions are merely set forth in the transcript under the heading 'Prior Convictions'; and they are unsigned and without any introductory or concluding language making them part of the informations." In this portion of the opinion the court was describing the procedure that was followed by the court in that case. The fact that the amendments were unsigned was not made the basis of this court's decision in that case modifying the judgment. The basis of the decision was that the accused did not admit, and the People did not charge or prove, that the accused had served prison sentences on the prior convictions. In the present case, the prior convictions are properly charged and the accused by his pleas of guilty thereto admitted the prior convictions and that he had served prison terms on each of them.

The order appealed from is affirmed.

Knight, J., and Ward, J., concurred.

A petition for a rehearing was denied July 10, 1941.