[Crim. No. 3579.   Second Dist., Div. One.   July 1, 1942.]

THE PEOPLE, Respondent, v. MOLLIE DONEGAN et al., Defendants; LORAINE ORMSBY, Appellant.

John S. Cooper for Appellant.

Earl Warren, Attorney General, and R. S. McLaughlin, Deputy Attorney General, for Respondent.

YORK, P. J.—In a complaint filed in the Municipal Court of the City of Long Beach, defendants were charged in two counts with commission of the crime of burglary. Upon arraignment both defendants were represented by counsel and regularly pleaded guilty to the offenses charged. Thereupon, the cause was certified to the Superior Court of Los Angeles County for sentence, pursuant to the provisions of section 859a of the Penal Code. Defendants applied for probation and in due course probation was granted to the defendant Donegan but was denied as to appellant, who was sentenced to Tehachapi. Judgment was entered on September 29, 1941.

On October 15, 1941, appellant employed her present counsel, who secured a thirty-day stay of execution and on November 13, 1941, filed a notice of motion to vacate said judgment praying that appellant either be placed on probation or be permitted to change her plea to "not

guilty'' so as to allow her to be tried for the offenses charged against her.

Accompanying said motion was appellant's affidavit to the effect that she had employed her former counsel because she was told that he was not only competent but that he had influence with the Long Beach office of the district attorney as well as the courts, and that he was related to one of the deputy district attorneys; that she was persuaded to plead guilty by her said attorney upon the representation that he had consulted with the officers and the deputy district attorney in charge of the case and that, in his opinion as an attorney, she would not receive more than a thirty-day jail sentence; that she would not have received a greater sentence if she had been tried; that her plea of guilty was induced by fear and persuasion, and that regardless of her guilt or innocence she would not have entered a plea of guilty if she had known, suspected or believed that she would receive a penitentiary sentence.

Counter affidavits were filed by the prosecution stating that appellant's plea was entered freely and voluntarily and without any persuasion exerted by her attorney; that said attorney had not discussed the case with any member of the district attorney's office; that appellant assisted in the return of approximately $5,000 worth of merchandise to the lawful owners in an effort to make restitution; that before sentence appellant was advised by her attorney that the probation department had recommended that probation be denied her and that she would probably be sentenced to Tehachapi; that her attorney did not advise her that she would not be compelled to serve more than thirty days in the county jail.

Thereafter appellant filed additional affidavits which did not materially add to the allegations of her original affidavit. The motion was argued and submitted on said affidavits and denied by the court.

From the judgment and the order denying her motion to vacate said judgment, appellant prosecutes this appeal.

Appellant urges that she was improperly held to answer by the committing magistrate for the reason that said officer certified the defendants to the superior court ''without taking any evidence, any stipulation or otherwise . . . that such procedure absolutely invalidates all the proceedings in this case, as there was no evidence, no deposition, nothing except

a complaint made by a police officer upon information and belief.''

The complaint herein conforms strictly to the provisions of sections 806, 951 and 952 of the Penal Code. Section 8, article I of the Constitution of this state provides: ''. . . and upon such plea of guilty, the magistrate shall immediately commit the defendant to the sheriff and certify the case, including a copy of all proceedings therein and *such testimony as in his discretion he may require* to be taken, to the superior court, and thereupon such proceedings shall be had as if such defendant had pleaded guilty in such court.'' Section 859a of the Penal Code outlines the procedure to be followed in language identical to that last quoted. Accordingly, no error was made by the magistrate when he committed appellant to the superior court without taking any evidence after she had pleaded guilty to the crimes charged in the complaint, which conformed strictly to the provisions of the code sections which define, indicate the form and the manner in which the commission of an offense shall be charged against a defendant. (Secs. 806, 951, 952, Pen. Code.) The magistrate followed the procedure laid down by section 859a of the Penal Code in committing and certifying appellant to the superior court, which was all that could be required of him in the circumstances presented by the record herein.

Appellant complains that ''the court erred in refusing to vacate and set aside the judgment and sentence herein because of the alleged duress and promises under which any plea was made.'' Such contention cannot be sustained.

Attached to her motion to vacate and set aside the judgment was appellant's affidavit to the effect that her attorney made certain representations or promises to her that she would be sentenced to not more than 30 days in jail in the event she entered a plea of guilty. Thereafter respondent filed counter-affidavits denying such allegations and averring that appellant had entered her plea of guilty freely and voluntarily. Appellant then filed additional affidavits controverting said counter-affidavits. Respondent also filed additional affidavits by the deputy district attorneys who handled the prosecution, denying that they had discussed the case with or had made any promises to either appellant or her attorney as to what action the court might take in the event that she pleaded guilty. Appellant offered no additional evidence at the hear-

ing, although the court afforded her an opportunity to do so.

Appellant's motion is based in part upon the probation officer's report on file, wherein it is noted that she made a complete confession of her guilt. Moreover, it is shown by the record that appellant assisted the officers in returning approximately $5,000 worth of merchandise to the lawful owners in an effort to make restitution which in effect was an admission of her guilt.

The exceptional remedy of a motion to vacate a judgment of conviction "was not designed to enable the guilty to escape punishment but to purify and keep pure the administration of justice, and the same may be utilized only upon a strong and convincing showing of the deprivation of legal rights by extrinsic causes." (*People* v. *Gottlieb,* 25 Cal. App. (2d) 411, 415 [77 P. (2d) 489].) Furthermore, the "fact that a defendant did not receive a milder punishment by pleading guilty than that which he thought might be meted out to him if he stood trial, or the fact, as in the instant case, that the defendant might be placed in a position to receive milder punishment for other crimes if his plea of guilty to a particular offense were set aside, presents no ground for the exercise of the discretion necessary to permit a plea of guilty to be withdrawn. (*People* v. *Manriquez,* 188 Cal. 602 [206 Pac. 63, 20 A. L. R. 1441].) Neither does it avail appellant anything that he entered his plea solely on the advice of his counsel representing him in the case, because this falls far short of being a fraudulently obtained plea." (*People* v. *Gottlieb, supra.*)

Appellant's appeal from the judgment is not urged in the brief now before this court and it must be assumed that she intended to abandon it. As a matter of fact the judgment herein was entered on September 29, 1941. Appellant gave no oral notice of appeal therefrom and the written notice of appeal from the said judgment was not filed until December 16, 1941; also, her order for a transcript on appeal requests only the preparation of the proceedings had after the entry of said judgment. It follows that said appeal was not taken within the time provided by section 1239 of the Penal Code.

For the reasons stated, the purported appeal from the judgment is dismissed, and the order denying motion to vacate and set aside the judgment is affirmed.

Doran, J., and White, J., concurred.