[Crim. No. 4271. Second Dist., Div. Two. Feb. 7, 1949.]

THE PEOPLE, Respondent, v. CHARLES NORTON OUTCAULT, Appellant.

Marshall A. Stutsman for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 286 of the Penal Code (the infamous crime against nature), predicated upon defendant's plea of guilty to such charge before the committing magistrate, defendant appeals. There are also appeals from the denial of defendant's motions to (1) withdraw his plea of guilty, and (2) vacate the judgment committing defendant, allegedly without probable cause or testimony to support such order, or certifying defendant to the superior court under section 859a of the Penal Code.

### FACTS

May 11, 1948, a warrant was issued for the arrest of defendant predicated upon a complaint that he had violated section 286 of the Penal Code. He was thereupon arrested and taken before a committing magistrate at 10 a. m. on May 11, 1948. At such hearing he was represented by Mr. S. A. Nordorf, a deputy public defender. Informed of his legal rights, and with the consent of the committing magistrate and the deputy district attorney, he entered a plea of guilty to the offense as charged in the complaint and the cause was immediately certified to the superior court.

May 14, 1948, defendant was arraigned before the superior court and the public defender appointed as his counsel.

May 26, 1948, defendant's request for leave to file an application for probation was granted, and Dr. Crahan was appointed to examine defendant pursuant to the provisions of section 1871 of the Code of Civil Procedure.

June 16, 1948, Attorney Stutsman was substituted for the public defender as defendant's counsel. Thereupon defendant moved to (1) withdraw his plea of guilty for the purpose of entering a plea of not guilty, and (2) dismiss the cause under section 995 of the Penal Code. Both motions were denied as was defendant's application for probation. Thereafter defendant was sentenced to the state prison for the period prescribed by law.

Defendant relies on six propositions for reversal of the judgment. These will be stated and answered hereunder seriatim :[1]

First: *Appellant was illegally committed to the custody of the sheriff by the committing magistrate after pleading guilty to violating section 286 of the Penal Code for the reasons that (1) no evidence was taken to show that a crime had been committed or that there was probable cause that defendant had committed a crime, and (2) there was no preliminary examination of defendant.*

This proposition is devoid of merit. ▪ When a defendant is charged with the commission of a felony by a written complaint he shall without unnecessary delay be taken before a magistrate, and if the felony is not punishable with death the magistrate shall immediately upon appearance of counsel for defendant read the complaint to him and ask whether he pleads guilty or not guilty to the offense charged therein. At any time thereafter while the charge remains pending before the magistrate and when defendant's counsel is present the defendant may, with the consent of the magistrate and the district attorney, plead guilty to the offense charged, and upon such plea of guilty the magistrate shall immediately commit the defendant to the sheriff and certify the case including a copy of all proceedings therein and such testimony as in his discretion he may require to be taken to the superior court, and thereupon such proceedings shall be had in the superior court as if the defendant had pleaded guilty in such court. (Cal. Const., art. I, § 8.)

The foregoing procedure is constitutional and is not violative of any provisions of the Constitution of the United States of America or of the State of California. (*People* v. *Zolotoff*, 48 Cal.App.2d 360, 364 et seq. [119 P.2d 745].)

[1]In defendant's opening brief a portion of the testimony taken at the preliminary hearing is quoted. Such testimony may not be considered by this court for the reason that it was not made a part of the record on appeal and duly authenticated. (*People* v. *Gonzales*, 69 Cal.App. 609, 612 [231 P. 1014].)

■ Where a defendant has pleaded guilty to a felony charge in a complaint the committing magistrate may properly certify defendant to the superior court without taking any evidence. (*People* v. *Donegan,* 53 Cal.App.2d 202, 204 [127 P.2d 612].)

■ Likewise in such a case it is unnecessary, where proceedings are taken pursuant to section 8, article I of the Constitution, and section 859a of the Penal Code, that an information be filed against defendant. (*People* v. *McGarvy,* 61 Cal.App. 2d 557, 564 [142 P.2d 92]; Pen. Code, § 682, subsec. 5.)

In the instant case the foregoing procedure was observed and it necessarily follows that defendant was legally committed to the custody of the Sheriff of Los Angeles County.

■ Second: *At the hearing on defendant's application for permission to withdraw his plea of guilty the court erred in receiving in evidence defendant's signed statement in which he admitted his guilt, for the reason that no evidence proving the corpus delicti had been received.*

This proposition is likewise without merit for the reason that when a defendant enters a plea of guilty such plea includes an admission of guilt of every element necessary to constitute proof of the corpus delicti. (*People* v. *Brown,* 140 Cal.App. 616, 619 [36 P.2d 194]; *In re Cook,* 13 Cal.App. 399, 403 [110 P. 352].)

Such cases as *In re Schuber,* 68 Cal.App.2d 424 [156 P.2d 944], and *In re Williams,* 52 Cal.App. 566 [199 P. 347], relied on by defendant, are inapplicable to the facts in the present case for the reason that in each of the cited cases defendant had not entered a plea of guilty but had entered a plea of not guilty.

Third: *The trial court in refusing to set aside defendant's plea of guilty did not afford him the presumption of innocence and the doctrine of reasonable doubt.*

This proposition is untenable. ■ The plea of guilty constitutes an admission of every element entering into the offense charged, and constitutes a conclusive admission of defendant's guilt. (*People* v. *Brown, supra.*)

■ A motion to withdraw a plea of guilty, pursuant to the provisions of section 1018 of the Penal Code,[2] is addressed

---

[2]Section 1018 of the Penal Code reads thus: ''A plea of guilty can be put in by the defendant himself only in open court, unless upon indictment or information against a corporation, in which case it may be put in by counsel. The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted.''

to the sound discretion of the trial court, and in considering such a motion the doctrines of "presumptive innocence" and "proof beyond a reasonable doubt" are inapplicable, since defendant has already admitted his guilt by his plea of guilty. This was the question before the trial court: Was the plea of guilty entered because of (a) duress, (b) fraud, (c) other forces overreaching the free will of defendant, or (d) was there a strong and convincing showing that defendant has been deprived of any legal right by an extrinsic cause? (*People* v. *Gottlieb,* 25 Cal.App.2d 411, 415 [77 P.2d 489]; *People* v. *Lamb,* 64 Cal.App.2d 409, 411 [148 P.2d 873]; *People* v. *Price,* 51 Cal.App.2d 716, 718 [125 P.2d 529].)

█ In the instant case there is not a showing that the trial court abused its discretion, since the evidence fails to disclose the existence of any one or more of the above mentioned reasons which would have justified the trial court in permitting defendant to withdraw his plea of guilty.

█ Fourth: *The trial court improperly considered a portion of the testimony of Dr. Crahan which had been stricken from the record.*

This proposition is also devoid of merit. Upon the hearing of defendant's application for leave to withdraw his plea of guilty Dr. Crahan was called as a witness and testified that he had a conversation with defendant on May 27, 1948, concerning the charge which had been filed against defendant, and that defendant had told him that for $1.00 a named boy had willingly submitted to an act of sodomy with defendant. This testimony was received without objection of counsel and no motion to strike it was made. On cross-examination Dr. Crahan was asked a question concerning the sexual habits of defendant, which was answered. The answer was, on motion of counsel for defendant, subsequently stricken from the record. The trial court stated that he believed Dr. Crahan's testimony which he gave on direct examination as set forth above, and disbelieved defendant's denial thereof. This was proper since the testimony remained in the record and constituted impeachment of defendant's testimony.

There is nothing in the record to show that the trial judge in any way considered the testimony which had been stricken.

█ Fifth: *The trial court erred in denying defendant's motion to set aside the order of the committing magistrate pursuant to the provisions of section 995 of the Penal Code.*[3]

---

[3]Section 995 of the Penal Code reads thus: "The indictment or information must be set aside by the court in which the defendant is

This proposition is unsound for the reason that section 995 of the Penal Code is applicable only where defendant has been charged by information or indictment. In the present case neither an information nor an indictment had been returned or filed against defendant. As set forth above his plea of guilty, pursuant to the provisions of section 8, article I of the Constitution of the State of California and section 859a of the Penal Code, eliminated the necessity of either returning an indictment or filing an information.

*People* v. *Greene*, 80 Cal.App.2d 745 [182 P.2d 576], relied on by defendant, is not here applicable for the reason that in the cited case defendant entered a plea of not guilty. As pointed out above an entirely different set of rules are applicable where defendant has entered, as in the instant case, a plea of guilty.

*People* v. *Avilez*, 86 Cal.App.2d 289 [194 P.2d 829], is not here in point for the reason that in that case the public defender was appointed to represent Avilez although he had affirmatively indicated that he wished private counsel which his family had obtained for him, even though neither the public defender nor the defendant was aware of the fact. The trial judge knew that private counsel had been employed and was on his way to court but chose to ignore such information. The appellate court in such case properly held that the trial court had abused its discretion in refusing to set aside the judgment based on the plea of guilty because the defendant had been deprived of counsel of his own choice. In the present case the record discloses that defendant did not request private counsel prior to his plea of guilty even though he was an intelligent person and attended college for two years.

*People* v. *McGarvy*, 61 Cal.App.2d 557 [142 P.2d 92], is also factually different from the present case for the reason that defendant McGarvy pleaded guilty to a charge of manslaughter. He had stated that he would like to talk to an attorney and the district attorney called an attorney into court "at least to talk to" defendant. This attorney took 20 or 30 minutes to discuss the charges of manslaughter and murder with defendant and then advised him to plead guilty. Defend-

arraigned, upon his motion, in either of the following cases: If it be an indictment: 1. Where it is not found, indorsed, and presented as prescribed in this code. If it be an information: 1. That before the filing thereof the defendant had not been legally committed by a magistrate. 2. That the defendant had been committed without reasonable or probable cause.''

ant was afterward refused permission to talk to anyone and admission to see him was denied to others. Likewise, said defendant had only an eighth grade education. Because of such disclosures the appellate court properly concluded that the trial court had abused its discretion in refusing defendant's motion to set aside his plea of guilty. These facts distinguish it from the case at bar.

Sixth: *Defendant was (a) forced to become a witness against himself, (b) promised that if he pleaded guilty he could change his plea later, (c) entrapped; and (d) had defendant been permitted to enter a plea of not guilty and gone to trial the prosecution would not have been able to prove the charge against defendant.*

These contentions of defendant are utterly without foundation, and we notice them merely for the purpose of completeness.

 (a) On several occasions both defendant and his attorney were advised by the trial judge that defendant did not have to take the witness stand, and the record discloses that when he did so he took it of his own volition and at the request of his counsel.

 (b) Defendant claimed he was told that if he entered a plea of guilty he could later change it, stating that Inspector Harrison or Mr. Nordorf had made the statement to him. Each of the latter denied that he had ever made such statement to defendant. Therefore it was a question of fact for the trial judge to determine from the conflicting evidence which witness should be believed, and his conclusions supported by substantial evidence will not be disturbed by this court. (*People* v. *Carson*, 45 Cal.App.2d 554, 556 [114 P.2d 619].)

 (c) There is absolutely no evidence in the record that defendant was entrapped, and it is settled that mere conjectures or suspicions of counsel are not sufficient to raise this issue. (*People* v. *Tenner*, 67 Cal.App.2d 360, 363 [154 P.2d 9].)

 (d) Defendant's contention that the corpus delicti could not have been established had the case gone to trial is not sound since it would not have been necessary to use defendant's confession for such purpose. The corpus delicti of the crime could have been proved by the testimony of the boy on whom the act had been committed.

The judgment and orders are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.