254 P.2d 411

Ex parte KNAPP.
No. 7978.

Supreme Court of Idaho.
March 3, 1953.

Vernon K. Smith, Boise, for petitioner.

Robert E. Smylie, Atty. Gen., Edward J. Aschenbrener and Leonard H. Bielenberg, Asst. Attys. Gen., for respondent.

THOMAS, Justice.

This is an original proceedings in this court on a writ of habeas corpus wherein petitioner seeks release and discharge from the penitentiary. Petitioner was committed and is confined under the authority of Section 18–2505, I.C.

Petitioner, while in custody on a charge of attempted first-degree burglary, effected an escape from the county jail in Lewis County, Idaho. He was later apprehended and charged with the commission of the crime of escape, to which he pleaded guilty and was sentenced to the penitentiary for not more than five years.

Petitioner contends that he is entitled to his release and discharge for the reason that the above-designated statute, when considered with Section 18–2506, I.C., is constitutionally offensive because these statutes constitute an arbitrary and unnatural classification of offenses and, by such classification, deny to persons such as petitioner the equal protection of the law. In this respect, petitioner urges that the crime of escape when committed by one

charged with or convicted of a felony constitutes a felony, while if committed by one charged with or convicted of a misdemeanor, it constitutes only a misdemeanor, and that such classification has no relation to, or any reasonable connection with, the circumstances surrounding the commission of the offense of escape, but is made to depend on something which is entirely without relation to, and wholly disconnected with, the commission of the act itself; that two persons who commit the crime of escape are not only punished differently but one carries the stigma of a felon while the other the stigma of a misdemeanor, which results for both reasons in an arbitrary and unnatural classification and operates to deny equal protection of the law.

 It is elementary that the power and authority rests in the legislature to define crimes and fix the punishment therefor.

Every person is entitled to equal protection of the law, and equal protection of the law means that equal protection and security shall be given to all under like circumstances in his life, his liberty and his property and in the pursuit of happiness, and in the exemption from any greater burdens and charges than are equally imposed upon all others under like circumstances.

It is uniformly recognized that the legislature in classifying crimes and fixing punishment therefor has great latitude; however, it is equally well recognized that in making such classifications the same must be natural, not arbitrary, and must be made with reference to the heinousness or gravity of the act or acts made a crime and not with reference to matters disconnected therewith. In re Mallon, 16 Idaho 737, 102 P. 374, 22 L.R.A.,N.S., 1123.

Sec. 18-2505, I.C., in substance, provides that every prisoner charged with or convicted of a felony who escapes or attempts to escape shall be guilty of a felony, while Sec. 18-2506, I.C., provides that every prisoner charged with or convicted of a misdemeanor who escapes or attempts to escape shall be guilty of a misdemeanor.

Neither section above prescribes specific punishment upon such conviction. Hence, one convicted of an escape under Sec. 18-2505, I.C., would be punishable as a felon by imprisonment in the state penitentiary not to exceed five years or by a fine not to exceed $5000, or by both fine and imprisonment. Sec. 18-112, I.C. On the other hand, one convicted of an escape under Sec. 18-2506, I.C., would be punishable as a misdemeanant by confinement in the county jail not to exceed six months or by a fine of not to exceed $300 or by both fine and imprisonment. Sec. 18-113, I.C.

The petitioner relies on the case of In re Mallon, 16 Idaho 737, 102 P. 374, to support his contention. In 1909 the Supreme Court, in the above case, declared the then existing escape statute unconstitu-

tional on the grounds, among others, that it denied the equal protection of the law and offended the 14th Amendment of the Constitution of the United States and also the Constitution of this state. We will consider the Mallon case at another point in this opinion.

■ The crime of escape, as well as the grade or degree of such crime and the punishment therefor, is now generally regulated by statute. Under some such statutes the offense of escape is classified and punished as a misdemeanor [1] while in other states it is classified and punished as a felony.[2] Several states, like Idaho, classify the crime of escape as a felony if the escapee at the time of escape is charged with or convicted of a felony, and as a misdemeanor if the escapee is charged with or convicted of a misdemeanor.[3]

The real question presented here is whether the present statute adopts a reasonable classification when it provides that persons who commit an identical crime, that is, escape, are classified as felons if charged with or convicted of a felony at the time of escape, and classified as misde-

meanants if charged with or convicted of a misdemeanor at the time of escape; the effect of this contention is that, both as to the status of the offender and the punishment imposed, the statute sets forth an arbitrary and unnatural classification without logic or any reference to the gravity of the act made criminal or to matters connected therewith, and that, hence, the penalty is wholly disproportionate to the nature of the offense so as to shock the moral sense of a community.

■ The law has long recognized that different punishment may be imposed upon different persons for the same offense provided that all who are similarly situated are treated alike. Such statutes dealing with habitual criminal acts, which are somewhat analogous to escape statutes, have been upheld against constitutional attack. Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917; Moore v. Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301; McDonald v. Mass., 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542; Ingalls v. Wisconsin, 48 Wis. 647, 4 N.W. 785; People v. Sickles, 156 N.Y. 541, 51 N.E. 288; People v. Coleman, 145 Cal. 609, 79 P. 283.

1. Sec. 55–6, South Carolina Code of Laws 1952; Sec. 148–45, North Carolina General Statutes 1943.

2. Sec. 4532, California Penal Code 1949.

3. Sec. 43–5003, Arizona Ann.Code 1939; Sec. 16, Ch. 133, Rev.Stat. of Maine 1930; Sec. 10007, Ch. 96, Mason's Minnesota Statutes 1927, M.S.A. § 613.29; Sec. 1694, Penal Law, Thompson's Laws of New York 1939; Sec. 9351, Ch. 12, Compiled Laws of North Dakota, Ann.1913; Secs. 23–618 to 624, inc., Oregon Compiled Laws Ann.1940; Sec. 2342, Title 14, Remington's Rev.Stat.Ann.1932 Wash.; Sec. 432.370, Kentucky Rev.Statutes, 1948.

It is strenuously urged by petitioner that the decision of this court in the case of In re Mallon, supra, is decisive and conclusive in the matter now before us. Under the then existing statute it was provided as follows:

"Every State prisoner confined in the state prison for a term less than for life, who escapes therefrom, is punishable by imprisonment in the state prison for a term equal in length to the term he was serving at the time of such escape; * * *." Rev.Codes, § 6452.

This court held that the above statute was unconstitutional for the reasons, among others, that it denied the equal protection of the law and violated the 14th Amendment of the Constitution of the United States and the Constitution of the State of Idaho. It will be noted that in the present matter the same two grounds are urged to strike down the present statute that were invoked to strike down the earlier statute. Unless the statute considered in the Mallon case can be distinguished from the present statute upon fundamental grounds, it would be controlling here unless this court refused to follow it. A careful and critical analysis of the decision in the Mallon case disclosed that the statute was struck down because: (a) the classification for punishment was based upon the length of the sentence being served, hence was unnatural and arbitrary; (b) the extent of punishment to be invoked was not committed to the discretion of the trial court within a stated minimum and maximum, but was mandatorily fixed.

Under the earlier statute, but not under the present statute, such escapee was punishable for a term equal to the length of the term for which he was originally sentenced, hence providing for as many grades for purposes of punishment as there were prisoners undergoing different sentences. Under the present act, all felons are subject to the same punishment.

Under the earlier act, the maximum punishment was arbitrarily fixed and made mandatory with no discretion vested in the court to fix the punishment at less than the maximum. Under the present act, the punishment in the case of a felon cannot exceed five years in the state prison and, in the case of a misdemeanant, cannot exceed six months in the county jail.

Under the earlier act, the offense of escape was not divided into grades; all were felonies; the punishment imposed for escape in effect provided as many grades for the punishment as there were prisoners undergoing different sentences. Under the present statute, there are but two grades or classes, that is, felons and misdemeanants, and all within either grade or class are subject to identical punishment. The Supreme Court, in the Mallon case, held that punishment for escape, based upon the length of time the escapee was imprisoned under the original offense, fixed an arbi-

trary and unjust punishment and that the punishment so imposed was not proportionate to the gravity of the offense. The present act is not subject to such criticism. The punishment is not based upon the length of time the prisoner was originally sentenced; it is based upon the crime for which he was imprisoned; the earlier act made no such distinction.

 The character and nature of the offense of escape was not the basis upon which the crime was defined or the extent of punishment was fixed in the earlier act, nor is it necessarily so under the present act; the designation of the crime or the extent of punishment need not be based solely or in part upon the character or the nature of escape; there is broad latitude for classification in this respect when founded upon reason and logic; such classification is only prohibited when arbitrary, unnatural and capricious; if it is upon some natural classification, under the circumstances, as the court pointed out in the Mallon case, it is not arbitrary or capricious or constitutionally offensive. A classification must be a natural one, not that it should necessarily be limited to or even consider whether or not the escape was peaceable or by force, false representation, threat, bribery or promise of gain. While the court in the Mallon case did suggest several such natural classifications, it is quite clear it did not intend to nor could it limit the field of classification to those suggested therein; it only held that whatever the classification might be, it must be natural. Under the present act, escapees are classified under two natural and reasonable classifications in which all in either class are treated alike.

Under the earlier statute, the court condemned the theory that a long term felon commits a graver offense than a short term felon in effectuating an escape; it likewise condemned basing the punishment for such escape upon the act of escape from the punishment rather than upon the act of escape from a state prison as unnatural and arbitrary classification. Under the present act, punishment is not based on the act of escape from a long or a short term imprisonment but is based upon the status of the escapee as a felon or misdemeanant; all felons are subject to the same and equal punishment; all misdemeanants are subject to the same and equal punishment; the court, in the Mallon case, did observe that a person (a felon) serving a long term would not be evidence that such person is more dangerous to society than a felon serving a short term, and that any classification based upon such proposition would not be based upon reason, natural laws or conditions which would justify a greater punishment for escape from a long term sentence; it was considering felons only. The present statute makes no distinction in the punishment of felons on the ground of the length of sentence.

Subsequent to the decision in the Mallon case, the escape statutes of Oregon, Illinois, Indiana and Pennsylvania were sustained against constitutional attack as was a like provision of the California statute; in each instance the decision in the Mallon case was unsuccessfully urged to support the contention that the statute, essentially similar to our present statute, offended the equal protection clause of both the Federal Constitution and the respective state constitutions. Kelley v. Meyers, 124 Or. 322, 263 P. 903, 56 A.L.R. 661; People v. Nicholson, 401 Ill. 546, 82 N.E. 2d 656; Commonwealth ex rel. Sullivan v. Ashe, 325 Pa. 305, 188 A. 841, Id., 302 U.S. 51, 58 S.Ct. 59, 82 L.Ed. 43; State v. Rardon, 221 Ind. 154, 46 N.E.2d 605; Ex parte Cook, 13 Cal.App. 399, 110 P. 352.

In the case of Kelley v. Meyers, supra, the legislature of Oregon recognized, and the Supreme Court of that state sustained, as a proper basis for classification and treatment, the distinction between the escape of a prisoner charged with or convicted of a minor offense and one charged with or convicted of a more serious offense where the punishment in either instance was not mandatorily fixed. Likewise, the Supreme Court of Illinois, in the case of People v. Nicholson, supra, recognized the inherent right in the legislature to provide one penalty for all prisoners charged with or convicted of a felony who escape and to provide a different penalty for all prisoners charged with or convicted of a misdemeanor who escape. Such classification. was also sustained against constitutional attack by the Supreme Court of Indiana in the case of State v. Rardon, supra.

The Supreme Court of Pennsylvania, in the case of Commonwealth ex rel. Sullivan v. Ashe, 188 A. 841, held that the escape statute of Pennsylvania, which provided that a prisoner breaking jail is guilty of a misdemeanor and upon conviction is sentenced for a period of time not exceeding the original sentence, did not offend the equal protection clause of the Federal Constitution for the reason that the classification was founded upon logic and reason.

The case of Commonwealh ex rel. Sullivan v. Ashe was appealed to the United States Supreme Court and is reported in 302 U.S. 51, 58 S.Ct. 59, 82 L.Ed. 43. That court also sustained the statute against constitutional attack. It stated that the law has long recognized a relation between punishment for breach of prison and the offense for which the prisoner is held, and has accordingly inflicted a more severe punishment for a prisoner who escapes where he is undergoing imprisonment at the time for a grievous crime than if such escape was by one held for a lesser offense.

The statutes under consideration in Oregon, Illinois, Indiana and Pennsylvania

are distinguishable from the earlier Idaho escape statute; the statutes of those states did not, as did the earlier Idaho statute, arbitrarily and mandatorily fix the penalty for escape but in each instance provided that it should not exceed the maximum as do the present statutes of this state.

In the case of Ex parte Cook, 13 Cal. App. 399, 110 P. 352, relied upon by both parties, the court held Sec. 105 of the Penal Code of California which was identical with Sec. 6452, Rev.Codes, passed upon in the Mallon case, unconstitutional as being in direct conflict with the 14th Amendment of the Constitution of the United States guaranteeing to all the equal protection of the law, and like provisions of the Constitution of California, apparently because the penalty was mandatorily fixed; however, the court sustained Sec. 106 of the Penal Code covering the crime of attempt to escape which provided that every person confined in a state prison for a term less than life who attempts to escape is guilty of a felony. Sec. 106 of the Penal Code of California, applying to the crime of attempt to escape, is similar to our present escape statute, Sec. 18–2505, I. C.; there is no penalty prescribed therein, necessitating resort to the general penal statute to determine the penalty, which is identical with Sec. 18–112, I.C., wherein it provides that except in cases where a different punishment is prescribed, every offense declared to be a felony is punishable by imprisonment in the state prison

*not exceeding* five years; the Supreme Court of California differentiated between the section covering escape and the section covering an attempt to escape; the California statute covering the crime of escape, as in the early Idaho statute, arbitrarily and mandatorily fixed the punishment without vesting any discretion in the court; in the California statute covering attempt to escape and in the present Idaho statute covering escape the penalty therefor is not arbitrarily or mandatorily fixed.

From what has been stated herein it is readily apparent that the present escape statute is distinguishable from the earlier statute which the court considered in the Mallon case; while some of the courts, as disclosed by the cases set forth herein, in other jurisdictions, have sustained statutes which in many respects are similar to the earlier Idaho statute, yet in every case there has been at least one controlling difference and that is with reference to the mandatory provision of the earlier Idaho statute fixing the punishment which is not present under the statute we now have for consideration.

We hold that the classifications set forth in the present act are not arbitrary or unreasonable but are founded upon rational and natural distinctions and that the present statute does not deny the equal protection of the law either under the federal or state constitution nor does it offend either constitution in any other respect.

The petition is denied and petitioner remanded to the custody of the warden of the state penitentiary.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.