435 P.2d 254

R. D. MALLOROY, Plaintiff-Appellant,

v.

The STATE of Idaho, Defendant-Respondent.

No. 9889.

Supreme Court of Idaho.

Dec. 18, 1967.

Ambrose & Fitzgerald, Meridian, for appellant.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Deputy Atty. Gen., Boise, for respondent.

TAYLOR, Chief Justice.

Plaintiff (appellant) had been serving a term of not more than three years in the state penitentiary upon a judgment entered in the District Court in and for Benewah County, adjudging him guilty of a felony. August 30, 1965, plaintiff escaped. He was later apprehended, tried, and convicted of the crime of escape, and sentenced to an additional term of not less than two, nor more than three, years.

In May, 1966, plaintiff filed a petition for a writ of habeas corpus in the District Court in and for Ada County, alleging that the escape statute, I.C. § 18–2505, for violation of which he had been convicted, was unconstitutional. Plaintiff brought this appeal from the order of the district court denying his petition.

Plaintiff contends that the escape statute denies him equal protection of the law in violation of the 14th amendment to the Constitution of the United States. The statute is as follows:

"Every prisoner charged with or convicted of a felony who is confined in any jail or prison including the state penitentiary for a term of less than life, or who while outside the walls of such jail or prison in the proper custody of any officer or person, or while at work in any factory, farm or other place without the

walls of such jail or prison, who escapes or attempts to escape from such officer or person, or from such jail or prison, or from such factory, farm or other place without the walls of such jail or prison, shall be guilty of a felony, and upon conviction thereof, any such second term of imprisonment shall commence at the time he would otherwise have been discharged." I.C. § 18–2505.

Plaintiff urges that as a convicted felon serving a sentence of less than life he was subjected to prosecution and punishment for escape, whereas a convicted felon serving a life term was exempted by the statute from such prosecution and punishment. It is his contention that the classification distinguishing life termers from those serving less than life is arbitrary and unreasonable.

It is uniformly held that the power to define crime and fix punishment therefor rests with the legislature, and that the legislature has great latitude in the exercise of that power. Its authority is not denied except in cases where the classifications are unnatural, arbitrary, or unreasonable. Where made with reference to the heinousness or gravity of the crime, they are not arbitrary or unreasonable. Ex parte Knapp, 73 Idaho 505, 254 P.2d 411 (1953); In re Mallon, 16 Idaho 737, 102 P. 374, 22 L.R.A.,N.S., 1123 (1909).

The Supreme Court of the United States has held:

" * * * a State is not constrained in the exercise of its police power to ignore experience which marks a class of offenders or a family of offenses for special treatment. Nor is it prevented by the equal protection clause from confining 'its restrictions to those classes of cases where the need is deemed to be clearest.' ". Skinner v. State of Oklahoma ex rel. Williamson, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655; Miller v. Wilson, 236 U.S. 373, 35 S.Ct. 342, 59 L.Ed. 628, L.R.A.1915F, 829.

Generally classification of life term prisoners apart from those serving less than life has not been considered arbitrary or unreasonable:

" 'the "life termers," * * * while within the prison walls, constitute a class by themselves,—a class recognized as such by penologists the world over. Their situation is legally different.' " People v. Finley, 153 Cal. 59, 94 P. 248; quoted and affirmed in Finley v. People of State of California, 222 U.S. 28, 32 S. Ct. 13, 56 L.Ed. 75.

The state contends that the exemption of a life term prisoner from prosecution for escape is not an unreasonable distinction because the life term prisoner has been given the longest possible term and that a further conviction would be futile. Opposed to this, plaintiff points out that life term prisoners do not necessarily serve the entire term in prison, but often are released after a time by pardon, parole, or commutation. However, pardon, parole, or commutation is not a matter of right or privilege. It is a matter of grace or clemency only. An escape or attempt to escape by a life term prisoner would be a material consideration in determining whether the prisoner merited such clemency.

Escape statutes similar to ours, challenged on this same ground, have been held constitutional. California, Penal Code § 106 (Stats.1921, p. 77) since amended to include life prisoners; South Dakota, S.D.C.1960, Supp. 13.1226; Ex parte Woofter, 134 Cal.App. 580, 25 P.2d 859 (1933); State v. King, 149 N.W.2d 509 (South Dakota, 1967).

Order affirmed.

SMITH, McQUADE, McFADDEN and SPEAR, JJ., concur.