528 P.2d 669
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Willis WEBB and Ilene Miller,
Defendants,**

and

**Willis Webb, Defendant-Appellant.**

No. 11242.

Supreme Court of Idaho.

Feb. 12, 1974.

Howard I. Manweiler, Boise, for defendant-appellant.

W. Anthony Park, Atty. Gen. of the State of Idaho, William F. Lee, Deputy Atty. Gen., and Wayne G. Crookston, Asst. Atty. Gen., Boise, Andrew F. James, Pros. Atty., Gooding County, Gooding, for plaintiff-respondent.

McFADDEN, Justice.

Willis F. Webb, the defendant and appellant herein, and Ilene Miller, a co-defendant, were found guilty by a jury of the crime of larceny of lost property,[1] i. e., three calves and one cow. The trial court sentenced Webb to a term in the peniten-

---

1. The pertinent statutes are:

"I.C. 18–4601. Larceny defined. Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another."

"I.C. 18–4602. Larceny of lost property. One who finds lost property under circumstances which give him knowledge of, or means of inquiry as to, the true owner, and who appropriates such property to his own use, or to the use of another person not entitled thereto, without first making reasonable and just efforts to find the owner and restore the property to him, is guilty of larceny."

"I.C. 18–4603. Degrees of larceny. Larceny is divided into two degrees, the first of which is termed grand larceny; the second petit larceny."

"I.C. 18–4604. Grand larceny defined.— Grand larceny is larceny committed in either of the following cases:

1. When the property taken is of a value exceeding one hundred fifty dollars ($150).

2. When the property is taken from the person of another.

3. When the property taken is a horse, mare, gelding, cow, steer, bull, calf, mule, jack, goat, jenny, sheep or hog, or a fox of any breed or cross thereof when in captivity and owned or held for the purpose of breeding or of fur production, or in the case of cattle, sheep, or hogs, the butchering and taking the meat products thereof."

"I.C. 18–4605. Petit larceny defined. Larceny in other cases is petit larceny."

tiary not to exceed five years, and withheld sentence on the other defendant, Ilene Miller, placing her on probation. Defendant Webb has perfected this appeal from his judgment of conviction.

The sole issue presented by this appeal is the validity of the statutory classification of the degrees of the crime of larceny. Defendant argues that classifying all who steal livestock regardless of its value into one class for the purpose of fixing the degree of the offense, and consequently the punishment therefor, is unreasonable, arbitrary and discriminatory.

Except for I.C. § 18–4604(2) and the animals enumerated in I.C. § 18–4604(3), the theft of any personal property or animal with a monetary value of less than $150.00 is classified as petit larceny, which carries with it punishment not exceeding six months in the county jail, or fine not exceeding $300, or both such fine and imprisonment. Essentially, the defendant questions the reasonableness of the legislative enactment providing stricter penalties for the theft of livestock in contrast to a theft of inanimate objects with a value of less than $150. In this case there is no proof of the value of the cow and three calves taken by the defendant.

Defendant seeks to bring the challenged statute within the definition of an unreasonable and arbitrary legislative classification prohibited by the Fifth Amendment and the Fourteenth Amendment to the Constitution of the United States. However, the defendant accepts the concept of classification under the larceny statute on the basis of the value of the object taken. He urges that this standard of classification by value must be applied to crimes of larceny of livestock as well, in order to accord equal protection and due process of law as guaranteed under the United States Constitution.

Since territorial times Idaho has consistently treated the larceny of livestock differently from larceny of other personalty, in that the punishment for larceny of livestock has not been dependent on the monetary value of the property taken. See, Rev.Stat.1887, § 7048; C.S.1919, § 8429; I.C.A. § 17–3504. See also, Cr. & P. § 61 and § 68. Other states have affirmed the validity of statutes specifically classifying the larceny of livestock separately and providing harsher penalties than for other types of larceny. See, State v. Pacheco, 81 N.M. 97, 463 P.2d 521 (Ct.App.1969); People v. Andrich, 135 Cal.App. 274, 26 P. 2d 902 (1933). Historically, the protection of certain classes of property, in this case livestock, was considered essential to deter a type of theft easy of commission, but difficult to detect.

Legislatures are accorded wide discretion in both the classification of subject matter to be protected by criminal laws and in the establishment of punishments for the violation of such criminal laws. This viewpoint is well expressed in Mallory v. State, 91 Idaho 914, 435 P.2d 254 (1967), where the court considered the constitutionality of a statute which only punished felons who were serving less than life terms and not those serving life sentences for escape from prison or jail. The court in upholding the statute's constitutionality quoted from Skinner v. State of Oklahoma ex rel. Williamson, 316 U.S. 535, 540, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942), as follows:

" * * * a State is not constrained in the exercise of its police power to ignore experience which marks a class of offenders or a family of offenses for special treatment. Nor is it prevented from confining 'its restrictions to those classes of cases where the need is deemed to be clearest.' " 91 Idaho at 915, 435 P.2d at 255.

"I.C. 18–4606. Punishment for grand larceny. Grand larceny is punishable by imprisonment in the state prison for not less than one nor more than fourteen years."

"I.C. 18–4607. Punishment for petit larceny. Petit larceny is punishable by fine not exceeding $300, or by imprisonment in the county jail not exceeding six months or both."

In Skinner v. State of Oklahoma ex rel. Williamson, supra, Justice Douglas further addressed the constitutional dimensions of legislative classification of crimes:

"Only recently we reaffirmed the view that the equal protection clause does not prevent the legislature from recognizing 'degrees of evil' * * * that 'the Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same.' *Thus, if we had here only a question as to a State's classification of crimes, such as embezzlement or larceny, no substantial federal question would be raised.*" (Citations omitted; emphasis added.) 316 U.S. at 540, 62 S.Ct. at 1113.

Thus, although a challenge to the constitutionality of the statute defining larceny of livestock and fixing punishment therefor has not been previously presented, the principle of according the legislature wide latitude in classifying crimes and degrees of evil has been upheld by this court in analogous contexts. State v. Ash, 94 Idaho 542, 493 P.2d 701 (1971) [jail damage]; Ex parte Knapp, 73 Idaho 505, 254 P.2d 411 (1953) [escape], and State v. Evans, 73 Idaho 50, 245 P.2d 788 (1952) [lewd and lascivious conduct with a minor].

The legislature specifically designated larceny of livestock as an "evil" to be regulated with stricter penalties than other types of larceny. The separate classification of larceny of livestock bears a reasonable relationship to the protection of an industry difficult to safeguard while marking a class of offenders which experience dictates as deserving special treatment. We find no merit in the defendant's argument that the legislature's specific classification of larceny for livestock with resulting harsher penalties in relation to other degrees of larceny deprived him of any constitutional safeguards or rights.

The judgment of conviction is affirmed.

SHEPARD, C. J., and DONALDSON and McQUADE, JJ., concur.

BAKES, Justice (concurring specially):

I concur in the result. However, in view of my dissenting opinion in State v. Swenor, 96 Idaho 317, 528 P.2d 671 (1974), it should be noted that appellant's brief contained no assignments of error as required by Rule 41(2), and that this Court at the hearing of the case permitted an oral amendment to appellant's brief to set out one assignment of error.