## STATE OF MINNESOTA

### *vs.*

### JAMES MILLER et al.

The petitioners were indicted in Blue Earth county in the 6th judicial district. Upon the application of the prosecution, the place of trial was changed to the adjoining county of Waseca in the 5th judicial district, it appearing to the satisfaction of the court below, upon affidavits that the state could not have a fair and impartial trial in said Blue Earth county.

Such change was authorized by the *General Statutes, Chap.* 113, and is not prohibited by *Art.* 1, *Sec.* 6, of the constitution.

The defendants were indicted jointly in the district court for Blue Earth and Watonwan counties, in the 6th judicial district, in May, 1867, for maiming one Stevens. The case was brought to trial at the May term, 1868, of said court at Mankato, and resulted in a disagreement of the jury. At a special term of said district court held in September, 1868, an application was made on the part of the prosecution for a change of the place of trial to Le Sueur county, on the ground of predjudice against said Stevens in Blue Earth county, which was resisted by the defendants. At the May term, 1869, of said court, an order was entered changing the place of trial to Waseca county, to which order an exception was taken by the defendants. Waseca county is in the 5th judicial district, but adjoins Blue Earth county. Upon the petition of the defendants, a writ of certiorari to the district court of Blue Earth and Watonwan counties was allowed by the supreme court, for the purpose of reviewing the order

changing the place of trial, the defendants claiming that under the state constitution, the court below had no authority to make such an order.

F. R. E. Cornell, Attorney General, for Respondent.

The sole question sought to be presented to the court in this case is : Can the trial of an indictment be transferred from the county wherein it is found, to an adjoining one in another judicial district, on the application of the prosecution, when an impartial jury cannot be obtained in the county where the venue is laid?

I.—Such change of the place of trial is expressly allowed by our statute. *Chap.* 113, *Sec.* 5, *p.* 654, *Gen. Stat.*

This section is not in conflict with *Sec.* 6, *Art.* 1, *of our State Constitution.*

The clause in that section, "That the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the county or district wherein the crime shall have been committed, which county or district shall have been previously ascertained by law," is simply a declaration in affirmance of a common law right. This was the right to a trial by an impartial jury of the vicinage or county where the crime was committed and where the venue in the indictment must be laid. 5 *Gray,* 480.

Our several State and Federal governments have recognized and affirmed this right in their fundamental laws, and although in affirming, or rather declaring this right, some of them as Pennsylvania and Missouri, use the phrase "jury of the vicinage ;" some like Vermont, "jury of the county ;" some like Ohio, Wisconsin, and the United States, "jury of the county or district," while others like New York and Georgia, have simply declared "That the trial by jury, in all cases, as it has heretofore been used, shall remain invio-

late," yet they have all been understood by jurists as simply affirming the common law right of jury trial as it existed in the colonies of this country. In the case of the *People vs. Vermilea*, 7 *Cow.*, 139, the learned counsel, Mr. Spencer, distinctly announces this doctrine, and in speaking of the rights of the citizens of that state, under its constitution, as compared with the federal constitution, says, "our rights to an impartial jury, are as perfect as if they were to be judged by the constitution of the United States," and the court evidently agreed with him in that view.

This right of trial by an impartial jury of the vicinage or county was always at common law subject to the right of the court to change the place of trial whenever an impartial jury could not be had where the venue was laid.

In *Rex vs. Cowle*, (2 *Burr*, 859–60), Lord Mansfield says: "When an impartial trial cannot be had in the proper county it will be tried in the next," and to the same. effect in the case of *Rex vs. Harris*, (3 *Burr*. 1333.)

This change will be granted whenever such fact exists as well on the application of the prosecutor as the defendant. 1 *Hill.*, 179. 7 *id.* 179, *note (a.)* 7 *Cow. R.*, 139. 1 *Chitt. Cr. Law* 201, *Am. Ed. of* 1836. 4 *East.*, 208.

It is submitted that this question has been already decided by this court in the case of the *State vs. Gut*, 13 *Minn.* 341,

BUCK, WOOLFOLK & WAITE for Petitioners.

I.—"In all criminal prosecutions the accused shall enjoy the right of a speedy and public trial, by an impartial jury of the county or district wherein the crime shall have been committed, &c. " *Art.* 1, *Sec.* 6 *of Constitution.*

The term, "DISTRICT" as here used means TRIAL DISTRICT.

Of course the framers well knew that in this new state, it would often times be necessary to attach one or more counties, to another more important one, for judicial purposes. When that is done the whole constitutes a trial district. This provision of the constitution obviated the expense and trouble of trying a criminal in his own county, because the crime was committed therein, when his county was attached to another wherein the courts are usually held. Hence the necessity of the term " DISTRICT. "

It is true that this clause makes it positive that the criminal shall be tried in his county or trial district, and not elsewhere. It permits the legislature to pass a law to try him in any county of his trial district, instead of the county in which the courts are usually held.

II.—Another reason why we believe this clause refers to the trial district instead of any other district known to the constitution, comes from the fact that it does not name any other. Had it so intended, senatorial or judicial district would have been named. These have been incorporated by name in the constitution.

Again : It will be granted that it does not mean senatorial district, and that if it does not mean trial district it means judicial district.

That would not help the case any, for the venue has been changed to a county outside of the judicial district, and in either aspect the change is erroneous.


*By the Court.*—Ripley, Ch. J.—The petitioners were indicted in Blue Earth county, in the sixth judicial district. Upon the application of the prosecution, the place of trial was changed to the adjoining county of Waseca in the fifth judicial district, it appearing to the satisfaction of the court

below, upon affidavits that the state could not have a fair and impartial trial in said Blue Earth county.

The change was authorized by the provisions of *Gen. Stat.*, *ch.* 113.

But the petitioners contend that in so far as it allows a change to a county not in the same trial district with Blue Earth county, that is, one or more counties attached to another for judicial purposes, the whole constituting a trial district, it is in conflict with the provisions of art. 1., sec. 6, of the constitution, that in all criminal prosecutions the accused shall enjoy and have the right of a speedy and public trial by an impartial jury of the county or district wherein the crime shall have been committed.

In the case of the *State vs. Gut*, 13 *Minn.* 343, it is decided that where one or more counties are attached to another for judicial purposes, and the jurors for the trial of causes were chosen from all of said counties, a defendant charged with the commission of a crime in one of said counties, if tried by jurors so selected, was tried by a jury of the district wherein the crime was committed, within the meaning of the constitution; and the petitioners insist that by the word " district," the constitution intends trial district, and does not mean either senatorial or judicial district: and this is the fair inference from the language of the court in the *State vs. Gut*. It certainly means neither senatorial nor judicial district, the constitution obviously not contemplating the drawing of jurors from either as a single district for the trial of crimes committed within it.

But in the same case the venue was changed from Redwood to Nicollet; Redwood was attached for judicial purposes to Brown, and Nicollet adjoined Brown, but not Redwood, and was not attached to Brown for judicial purposes.

On appeal, the court held that Brown and Redwood (with

other counties) being a single trial district, the change to Nicollet was allowed by the spirit and meaning of the law above mentioned, and the action of the court below, in so changing the place of trial, was sustained.

This covers the present case, for if a change of venue is valid because within the spirit of the law, one within its letter must be, and neither could be if the law authorizing such change were unconstitutional. It is true that in that case the constitutionality of the law is assumed without discussion : but argument is not necessary to sustain it against the interpretation put by the petitioners upon the clause of the constitution in question, viz : that it positively requires that the criminal shall be tried in his county or trial district, and not elsewhere; for this is not only supported by no authority, but would operate to deprive him of the privilege intended to be thereby secured to him, or prevent his being tried at all if, and whenever for any reason, an impartial jury could not be had in his county or trial district.

The attorney general, however, has well shown in his brief in this case, both upon reason and authority, that the constitution as much presupposes the existence in the county of the elements for an impartial jury, as of the county itself, and that where they do not exist, this clause is inapplicable, and that both constitution and law are but the affirmance of the common law right of the defendant to an impartial jury of the county where the act was committed, subject to the right of the court to change the place of trial whenever such impartial jury could not be had there.

The writ must be quashed.