[Crim. No. 273.   Second Appellate District.—December 16, 1912.]

## In the Matter of the Application of JOHN A. McDONALD, for a Writ of Habeas Corpus.

CRIMINAL LAW—BIGAMY—ALTERNATIVE JURISDICTION—PLACE OF TRIAL IN COUNTY WHERE DEFENDANT WAS APPREHENDED.—Under section 785 of the Penal Code, where the offense of bigamy or incest is committed in one county, and the defendant is apprehended in another county, the jurisdiction is in either county. That section is a legislative declaration that the venue of the action, which is synonymous with the place of trial, may be in the county in which the defendant is apprehended.

ID.—CODE SECTION CONSTITUTIONAL—RIGHT TO JURY TRIAL IN COUNTY OF "VICINAGE" NOT VIOLATED.—There is no constitutional restriction upon the legislative power to determine the place of trial of the criminal action for bigamy, nor is there any unconstitutional derogation of the right to a jury trial in the county of the "vicinage." In modern use, the county of the "vicinage" in which a jury trial must be had, is the body of the county in which the trial by jury is properly had, under the legislative determination as to the place of trial of such criminal action.

PETITION for Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

G. M. Spicer, for Petitioner.

J. W. Joos, and W. T. Helms, for Respondent.

THE COURT.—Petitioner alleges that he was apprehended and informed against in the county of Los Angeles, being charged with the crime of bigamy alleged to have been committed in the county of San Diego; that upon the calling of the cause for trial he entered a plea of guilty and was sentenced to state prison for a term of four years. It is his contention that his imprisonment is unlawful because of a want of jurisdiction in the superior court of Los Angeles County, and that the respondent sheriff has no warrant for depriving him of his liberty because of the void character of the judgment. Section 785 of our Penal Code provides: "When the

20 Cal. App.—41

offense, either of bigamy or incest, is committed in one county and the defendant is apprehended in another, the jurisdiction is in either county." This section is a legislative declaration that the venue in cases of this character may be in the county where the defendant is apprehended. We find no constitutional restriction upon the legislative power to determine the venue, which is synonymous with place of trial. The place of trial in offenses of this character has been determined to be either in the county where the offense was committed or where the accused is apprehended. It is claimed by petitioner that the section above referred to is unconstitutional as in derogation of the right to trial by jury, which by the constitution remains inviolate; that this right of trial by jury guarantees a common-law jury, which is by a jury of his peers of the vicinage or county where the crime is alleged to have been committed. The position taken by petitioner as to his right to a trial by a jury of his peers in the county or vicinage is unassailable. The word "vicinage" is subject to various definitions mainly depending upon the sense in which it is used. The standard dictionary defines it as the neighborhood, or, as applied to juries, "in modern use, a jury of the county wherein trial is had." We are of opinion, therefore, that if the statute guarantees to the accused the right of trial by jury in the place by law designated as the place for trial, it confers upon him the right contemplated by the constitution. The authorities cited to the effect that the trial must be in the county where the offense was committed, have no application in this state, where under the constitution the place of trial is subject to legislative determination.

Writ denied.