(August 3, 1926.)

## STATE, Appellant, v. IDA E. MILES, Respondent.

[248 Pac. 442.]

JURY—CONSTITUTIONAL GUARANTY—APPLICATION FOR CHANGE OF VENUE—COUNTER SHOWING—STATUTORY PROVISIONS.

1. C. S., sec. 8895, empowering district courts to change place of trial on application of state is not violative of Const., art. 1, sec. 7.

2. Constitutional guaranty of right to "trial by jury" secures right as it existed under common law and territorial statutes in force at date of adoption of constitution.

3. On state's application, under C. S., secs. 8895–8897, for change of venue, counter showing by affidavit may be made in view of secs. 8888–8890, and, notwithstanding sec. 8902, allowing state appeal from order denying application.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Application by the state for change of place of trial in a criminal action. Application denied. *Affirmed.*

A. H. Conner, Attorney General, and John W. Cramer, Assistant, for Appellant.

The district courts within their respective districts have power to change the place of trial in criminal cases, other than misdemeanors, upon the application of the state on relation of the county attorney of the county in which any indictment or information may be filed. (C. S., sec. 8895.)

Publisher's Note.

1. See 27 R. C. L. 781.
2. See 16 R. C. L. 194.

See Criminal Law, 12 C. J., sec. 321, p. 213, n. 70.
Juries, 35 C. J., sec. 14, p. 148, n. 9; sec. 166, p. 238, n. 10.

If the court is satisfied from the application and affidavit that a fair and impartial trial cannot be had, an order must be made removing the action. (C. S., sec. 8897.)

The sufficiency, in both law and fact, of the application and supporting affidavits may be reviewed by the supreme court on appeal by the state from an order of the district court denying an application for change of place of trial. (C. S., sec. 8902.)

C. S., sec. 8895, is not unconstitutional and does not violate the right of trial by jury. (*Barry v. Truax*, 13 N. D. 131, 112 Am. St. 662, 99 N. W. 769; *People v. Vermilyea*, 7 Cow. (N. Y.) 108, 65 L. R. A. 762; 1 Chitty on Crim. Law, 201, 378, 495; *King v. Nottingham*, 4 East, 208, 102 Eng. Reprint, 810; *People v. Baker*, 2 Abb. Pr. (N. Y.) 42; *Price v. State*, 8 Gill (Md.), 295; *Commonwealth v. Ralph*, 111 Pa. 365, 3 Atl. 220; *People v. Peterson*, 93 Mich. 27, 52 N. W. 1039; *People v. Fuhrmann*, 103 Mich. 593, 61 N. W. 865; *State v. Miller*, 15 Minn. 344; *Commonwealth v. Davidson*, 91 Ky. 162, 15 S. W. 53; 4 Blackstone, 321; *Rex v. Davis*, 5 Eng. Rul. Cas. 543; *Regina v. Phelan*, 14 Cox C. C. 579; Roscoe's Crim. Ev., 8th ed., 290, 372; *State v. Burflinger*, 73 Ohio, 154, 76 N. E. 291; 1 Bishop on Crim. Proc., sec. 73; *Hewitt v. State*, 43 Fla. 194, 30 So. 795; *State v. Holloway*, 19 N. M. 528, 146 Pac. 1066, L. R. A. 1915F, 922; *Christensen v. Hollingsworth*, 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211.)

**E. T. Knudson and Ezra R. Whitla for Respondent.**

C. S., sec. 8895, is unconstitutional for the reason that it deprives persons accused of crime of a right guaranteed them by Const., art. 1, sec. 7, which provides that "The right of trial by jury shall remain inviolate." (*People v. Powell*, 87 Cal. 348, 25 Pac. 481, 11 L. R. A. 75.) Rebutting evidence or affidavits may be received and considered by the court in passing upon a motion for change of venue, and if the showings are conflicting the trial court's decision will not be disturbed on appeal. (*State v. Breyer*, 40 Ida.

324, 232 Pac. 560; *State v. Hoagland,* 39 Ida. 405; 228 Pac. 314; *State v. Rooke,* 10 Ida. 388, 79 Pac. 82; *State v. Casey,* 34 Nev. 154, 117 Pac. 5; *State v. Tawney,* 83 Kan. 603, 112 Pac. 161.)

A motion for change of venue is addressed to the sound discretion of the trial court, and its ruling thereon will not be disturbed unless it affirmatively appears that such discretion has been abused. (*State v. Hoagland, supra; People v. Vincent,* 95 Cal. 425, 30 Pac. 581; *State v. St. Clair,* 6 Ida. 109, 53 Pac. 1; *State v. Gilbert,* 8 Ida. 346, 1 Ann. Cas. 280, 69 Pac. 62; *State v. Breyer, supra; State v. Rooke, supra; State v. Millain,* 3 Nev. 409; *State v. Hunt,* 91 Mo. 490, 3 S. W. 858; *State v. Russell,* 13 Mont. 164, 32 Pac. 854; *State v. Rowland,* 72 Iowa, 327, 33 N. W. 137; *Olive v. State,* 11 Neb. 1, 7 N. W. 444; *Edwards v. State,* 2 Wash. 291, 26 Pac. 258.)

BUDGE, J.—Respondent was charged with the crime of murder. A trial was had which resulted in a failure of the jury to agree upon a verdict. Thereafter the case was again set down for trial, whereupon the state made an application for a change of venue upon the ground that a fair and impartial trial could not be had in Kootenai county, the place where the offense was alleged to have been committed, which application was denied by the court. The appeal is by the state, on relation of the county attorney, from the order denying the application.

[1] Respondent attacks the constitutionality of C. S., sec. 8895, whereby district courts are empowered to change the place of trial upon application of the state. Other questions are raised, but we shall first dispose of the constitutionality of the above section.

That portion of art. 1, sec. 7, of the constitution which is pertinent to the question before us is as follows:

"The right of trial by jury shall remain inviolate."

It is respondent's contention that the foregoing provision guarantees to persons accused of crime the absolute right to a jury trial within the county where the crime is alleged

to have been committed, and respondent cites and relies upon to support her contention the case of *People v. Powell,* 87 Cal. 348, 25 Pac. 481, 11 L. R. A. 75, wherein it was held that the common-law right to a trial by jury meant a trial by a jury selected from the vicinage or county where the crime was alleged to have been committed, and that a section of the Penal Code of that state authorizing a change of venue on application of the district attorney and without the consent of the defendant, was unconstitutional and void. In a more recent case, *Ex parte MacDonald,* 20 Cal. App. 641, 129 Pac. 957, the district court of appeals of California held that the word "vicinage" was to be interpreted as the county where the trial is had, and it was further held that in view of the interpretation given to the word "vicinage," there was no constitutional limitation upon the power of the legislature to determine the place of trial, a statute authorizing a trial where the defendant was apprehended being valid.

[2] The rule is well established that the guaranty of right of trial by jury secures that right as it existed under the common law and territorial statutes in force at the date of the adoption of our constitution. (*Christensen v. Hollingsworth,* 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211; *Shields v. Johnson,* 10 Ida. 476, 3 Ann. Cas. 245, 79 Pac. 391; *People v. Burnham,* 35 Ida. 522, 526, 207 Pac. 589.)

From an examination and analysis of the case of *People v. Powell, supra,* it is apparent that the decision was based upon the conclusion that at common law the right of trial by jury in the county or vicinage was unconditional, which conclusion was necessary in arriving at the result announced, in view of the statute. That is the precise point that we must determine also, for it is plain that if "the right of trial by jury" is an unqualified right to a trial by a jury of the county where the offense is alleged to have been committed, as counsel contend, then no act of the legislature can deprive a person of that right. But, if the right to a trial by jury in the county where the offense is alleged

to have been committed is conditioned upon the possibility of a fair and impartial trial in that county, the constitutionality of C. S., sec. 8895, must be conceded.

The great weight of authority is opposed to the rule announced by the California court in *People v. Powell, supra,* and possibly one of the leading and best considered cases is that of *Barry v. Traux,* 13 N. D. 131, 112 Am. St. 662, 99 N. W. 769. There the constitutionality of a statutory provision similar to the one now under consideration was attacked under a section of the constitution of North Dakota analogous to our own. It was held that the right of trial by jury, as that right was known at the time of the adoption of the constitution, did not include an absolute right to a trial by jury of the county where the offense was committed, but that the right was conditioned upon the possibility of a fair and impartial trial being had in that county. It was pointed out that the contention that at common law the state had no right to change the venue did not accord with the rule of the common law. Early American cases as well as English decisions and texts upon the subject were quoted, and the court's position clearly sustained. To the same effect see also: *People v. Peterson,* 93 Mich. 27, 52 N. W. 1039; *State v. Durflinger,* 73 Ohio, 154, 76 N. E. 291; *State v. Holloway,* 19 N. M. 528, 146 Pac. 1066; L. R. A. 1915F, 922; *Hewitt v. State of Florida,* 43 Fla. 194, 30 So. 795; *People v. Vermilyea,* 7 Cow. (N. Y.) 108; *People v. Baker,* 3 Abb. Pr. (N. Y.) 42.

Some states have upheld such statutes even in the face of constitutional provisions providing for a trial by jury "of the county and district." It was held in *State v. Miller,* 15 Minn. 344, that a statute authorizing a change by the state from a county in one judicial district to an adjoining county in an adjoining district was not unconstitutional. The court said, "that both constitution and law are but the affirmance of the common-law right of the defendant to an impartial jury of the county where the act was committed, subject to the right of the court to change the place

of trial whenever such impartial jury cannot be had there."
*Commonwealth v. Davidson,* 91 Ky. 162, 15 S. W. 53, is to
the same effect.

It is clear that at the time of the adoption of our con-
stitution and prior thereto, it was the settled law of this
country and of England, and the true rule of the common
law, that upon application of the state a criminal cause
might be removed from the county in which the offense was
alleged to have been committed to a county free from a like
objection, upon a showing that a fair and impartial trial
could not be had in the county where the offense was al-
leged to have been committed. Therefore, if the showing
in the instant case be sufficient under the statute, the stat-
ute not being unconstitutional, it was within the power of
the court to order the change.

[3] The attorney general takes the position that where
an application has been made by the state for change of
place of trial, and the application is in proper form and a
showing is made sufficient to establish the fact that a fair
and impartial trial cannot be had in the county where the
offense is alleged to have been committed, an order remov-
ing the action must be made, without regard to any counter-
showing. Respondent, upon the other hand, urges that
should this court uphold the constitutionality of the stat-
ute, the trial court may consider rebutting evidence or affi-
davits of the defendant in passing upon the application of
the state, and that the court's ruling will not be disturbed
unless it affirmatively appears that the court in acting upon
the application, including the affirmative and negative show-
ing, abused its discretion.

C. S., sec. 8888, provides that,

"A criminal action, prosecuted by indictment (or informa-
tion), may be removed from the court in which it is pend-
ing, on the application of the defendant, on the ground that
a fair and impartial trial can not be had in the county
where the indictment (or information) is pending."

C. S., sec. 8889, provides that,

"The application must be made in open court and in writing, verified by the affidavit of the defendant, a copy of which must be served upon the prosecuting attorney at least one day before the application is made. . . . . "

C. S., sec. 8890, provides that,

"If the court is satisfied that the representation of the defendant is true, an order must be made for the removal of the action to the proper court of a county free from a like objection."

C. S., sec. 8895, provides that,

"The district courts of this state, within their respective districts, are hereby empowered to change the place of trial in criminal cases other than misdemeanors, upon the application of the state, on the relation of the county attorney of the county in which any indictment or information may be filed, or upon the relation of any attorney duly and especially appointed to prosecute said cause, such application to be sustained by the affidavits of at least two resident taxpayers in the county where the offense is alleged to have been committed, on the ground that a fair and impartial trial can not be had in the county where the criminal act is alleged to have been committed."

C. S., sec. 8896, provides that,

"Such application must be made in open court and in writing verified by the affidavit of the relator, a copy of which must be served upon the defendant or his attorney at least one day before the application is made.

C. S., sec. 8897, provides that,

"If the court is satisfied, from the facts set forth in such application and affidavit, that a fair and impartial trial can not be had, an order must be made for the removal of the action to the proper court of a county free from a like objection."

From a reading of the foregoing sections of the statutes providing for the removal of criminal actions, either upon the application of the state or of a defendant, upon the

ground that a fair and impartial trial cannot be had in the county where the action is pending, it is to be noted that there is a marked similarity.

In *State v. Reed,* 3 Ida. 754, 35 Pac. 706, an application had been made by the defendant for a change of place of trial, and it was contended that affidavits in support of the motion of the defendant only could be considered, and that the court could not consider counter-affidavits filed by the state in resistance of the motion. But it was held that it was "eminently proper that counter-affidavits should be permitted upon an application for a change of venue in criminal cases." It has been held in a long and unbroken line of decisions of this state, and the settled rule of practice would therefore seem to be, that an application of a defendant for change of place of trial, supported by affidavits, may be resisted by counter-affidavits filed on behalf of the state. Since the statutes above quoted providing for change of place of trial upon application of the state are not dissimilar in any important respect to those concerning the removal of a criminal action upon application of a defendant, and in view of the further general rule that the same considerations should govern and the same result be obtained, in regard to the state as any other party, we are constrained to hold that a counter showing, by affidavits, may be made by a defendant upon application by the state for a change of place of trial.

While it is true that C. S., sec. 8902, provides that, "the sufficiency, in both law and fact, of the application and supporting affidavits may be reviewed by the supreme court on appeal from an order of the district court denying such application, and such appeal may be taken by the state on the relation of the county attorney of the county in which such application is made, or of any other attorney duly appointed and acting in the prosecution of such cause, and the procedure governing such appeal shall be, as near as may be, the same as provided by law for appeals in other criminal cases," it does not, in our opin-

ion (although providing for a direct appeal upon the part of the state and failing so to provide for a defendant), call for a construction of the foregoing statutes which would deny the right of a defendant to make a counter showing when application for removal of an action has been made by the state. An appeal of a defendant, for the purpose of having reviewed the action of the court in denying his application, is otherwise provided for. No doubt the trial court considered both the showing of the state and the counter showing of respondent herein, and we are of the opinion that this was proper.

We have examined both the showing of the state and the counter showing of respondent, and without setting out in detail the alleged facts contained therein, have reached the conclusion that the showing is not sufficient to warrant this court in disturbing the order of the trial court in denying the application of the state for change of place of trial.

From what has been said it follows that the order of the trial court denying the application of the state for change of place of trial is affirmed.

William A. Lee, C. J., and Wm. E. Lee, Givens and Taylor, JJ., concur.