[Civ. No. 6491.   Third Appellate District.—February 5, 1941.]

SYDNEY L. HARRIS et al., Respondents, v. FRED B. CAN-
NON et al., Àppellants.

Jesse A. Hamilton for Appellants.

Gumpert & Mazzera and J. Calvert Snyder for Respondents.

PULLEN, P. J.—This is an appeal from an order denying
a motion of defendants for a change of venue.

The action was for damages for failure to properly prepare
and deliver certain reconditioned steel pipe or drill stem in

accordance with an oral contract entered into between the parties hereto. The complaint was filed in the county of San Joaquin in which county the plaintiffs resided and had their place of business, and also where it is alleged the drill stem was to have been delivered.

To this complaint defendants filed an answer, and with the answer an affidavit of merits and a demand that the action be transferred to Los Angeles County. The motion for the change was made on the ground that the defendants were residents of the county of Los Angeles, and on the further ground of the convenience of witnesses.

Thereafter plaintiffs filed a counter-motion and asked for an order retaining the venue in the county of San Joaquin on the ground of convenience of witnesses. These motions were heard together, and the court denied the motion of defendants for a change of place of trial, from which order this appeal is taken.

The first contention of appellants seems to be that before the court can consider a motion for a change of venue upon the ground of convenience of witnesses the question of residence must be determined, and if defendant is found to be a resident of the county asserted in his affidavit, the action must be moved to such county before the convenience of witnesses can be inquired into. This, however, is not the rule. A similar contention was made in *Sheffield* v. *Pickwick Stages,* 191 Cal. 9 [214 Pac. 852], where Chief Justice Myers, then a justice of the Supreme Court, clearly and directly held, under pleadings similar to those found here, that a plaintiff has a right to oppose a motion for a change of place of trial on the ground that the action was not brought in the county of the residence of a defendant, by showing that the convenience of the witnesses would be promoted by refusing the change. This rule is also recognized and many cases cited in 25 California Jurisprudence, page 882.

As to the general right of a court to retain a cause on account of the convenience of witnesses, the authorities are in accord that such determination rests largely in the discretion of the trial court to which such motion is addressed, and will only be disturbed when an abuse of discretion appears. (*Plum* v. *Forgay Lumber Co.,* 118 Cal. App. 76 [4 Pac. (2d) 804]. See, also, cases cited in 25 Cal. Jur., p. 885, note 20.)

Here there was no abuse of discretion. Affiant, one of plaintiffs, sets forth in his affidavit in support of his motion, the names of the six witnesses upon whom he would rely, stating in substance the nature of their testimony. Four of these witnesses resided in Stockton (as did also the affiant and his partner), one lived in Sacramento and one in Berkeley. Defendants set forth in their affidavits the names of several persons but do not state what facts they could establish.

The order is affirmed.

Tuttle, J., and Thompson, J., concurred.