296 P.2d 1024

Richard A. ANDERSON and Birdie Marie Anderson, husband and wife, Plaintiffs-Respondents,

v.

W. David SPRINGER, Defendant-Appellant,

and

Orvill E. Merrell, Defendant.

No. 8416.

Supreme Court of Idaho.

May 2, 1956.

J. F. Martin, C. Ben Martin, Boise, Donart & Donart, Weiser, for appellant.

L. Charles Johnson, Pocatello, for respondents.

BAKER, District Judge.

Plaintiffs, respondents, husband and wife, seek to recover from the defendants, who are physicians and surgeons, damages alleged to have been sustained through the negligence of the defendants in the care and treatment of the plaintiff wife. It is alleged in the complaint, filed in the District Court of Bannock County, on September 6, 1955, that the plaintiffs and the defendant, Dr. Merrell, are residents of that county but the place of residence of the defendant, Dr. Springer, is not disclosed. It is, however, alleged that a substantial part of the services by the latter defendant covering a period of several months and extended hospitalization were rendered at Boise, in Ada County, where the plaintiffs allege they then resided. The negligence charged against the defendant, Dr. Merrell is, in effect, that he accepted the diagnosis and followed the treatment prescribed by the defendant, Dr. Springer.

Service was made upon the defendant, Springer, at Boise on September 9. No service has been made upon the defendant, Merrell, and he has not appeared. Unless otherwise indicated we shall mean defendant, Dr. Springer, when we refer to the defendant or appellant.

Within the time allowed for appearance and on September 21, the defendant served

upon counsel for the plaintiffs and filed with the clerk his demurrer to and his motion to strike portions of the complaint and at the same time served and filed written demand signed by his counsel that the cause be transferred to Ada County. In support of his demand said defendant served and filed his affidavit reciting, among other things, that he was and for many years had been a resident of Boise in Ada County and there maintained an office for the practice of his profession; that the defendant, Dr. Merrell, almost a year prior to the commencement of the suit, entered the military service of the United States and was then stationed in Germany and an affidavit by one Max R. Johnson to the same effect relative to the absence of Dr. Merrell from Idaho and his service in Germany. The facts recited in the affidavits are not denied and the sufficiency of the demand is not questioned. No formal motion for change of place of trial was then or at any time deemed material filed by the defendant.

On the second day following such service counsel for the plaintiffs filed his demand that the cause be retained in Bannock County and his objections to the removal upon the grounds, among others, that the convenience of the witnesses and the ends of justice required retention and immateriality of certain recitals in the defendant's affidavit. The demand for retention on the ground of convenience of witnesses is supported by the affidavit of the husband plaintiff that by reason of the condition of the health of both plaintiffs it is probable that they would not be able to attend a trial at Boise and that their witnesses residing at Pocatello were beyond the reach of subpoena issued out of the Ada County court. The names of no witnesses except the plaintiffs and two physicians were disclosed, and it was not made to appear to what facts any of the witnesses would testify. The affidavit recited that the testimony of the witnesses would be material but no facts are set forth in support of that conclusion. Another ground of objection to the removal of the cause was that the court was "without sufficient basis or authority" to change the place of trial. The reasons for such objections were not detailed.

A hearing was had in open court on October 3, without notice, so far as the record discloses, by either party. However, counsel for both parties were present and argued the questions presented, and written briefs were submitted.

The minute entry of December 6 reads:

"This matter is before the court upon the demand of the defendant, W. David Springer, for removal of the cause—and objections thereto by the plaintiffs. * * * It is ordered that the demand for removal of the cause of the defendant W. David Springer, to the District Court of the Third Judicial District of the State of Idaho be, and the same is hereby, denied."

The defendant has appealed from that order.

Later, the trial judge made his certificate in which he enumerated all of the pleadings in the cause as the papers considered by him "on the hearing of defendant Springer's demand for removal of the above entitled cause to the District Court of the Third Judicial District."

Defendant's counsel subsequently filed his motion for order vacating the order of December 6th denying his demand for change of place of trial, for order amending the minute entry to show that oral motion for change was made at the hearing on October 3, also filed a formal motion for change of place of trial in accordance with the demand and application for vacation of the order upon the ground that counsel for the defendant had failed to file a paper (motion for change) within the time limited, Section 5–905. In the affidavit of defendant's counsel filed with such motions it is recited that at the beginning of the hearing on October 3, counsel for the defendant said:

"This matter is before the court upon the application of the defendant W. David Springer for order transferring this cause to Ada County, the county of his residence."

That he made such statement was not disputed. The motions were all denied.

The conclusion we have reached with respect to the appeal from the order of December 6 renders consideration of the subsequent motions unnecessary to final disposition of the question before us.

The reasons for the denial of defendant's demand for change of place of trial are not disclosed. It seems fair to assume the denial was in fact made upon the ground that no formal motion for change was made. Counsels' chief arguments in this court on this phase of the case relate to the necessity of formal motion and the right of the court to transfer in its absence. The position of the plaintiffs that a formal motion to change is an essential prerequisite, and the order of the trial court denying defendant's demand upon that ground, are supported by the decision of this court in Holt v. Warf, 33 Idaho 350, 194 P. 475.

The objection of the plaintiffs to the granting of the demand that the trial court was "without sufficient basis or authority" to change the place of trial was no more informative than a general demurrer. It was obviously the intention of plaintiffs' counsel so to word the objection as to preserve it but make no disclosure of its reason or basis. Of course, if the plaintiffs in their objections had pointed out the specific reason upon which they rely, motion undoubtedly would have been made and filed at once.

Outstanding facts established by the record and important in consideration of defendant's demand are: That the defendant at all material dates was a resident of Ada County, and not of Bannock County; that his demand for change of place of trial was in proper form; his supporting affidavits were in all respects sufficient; that the

22

court has not acquired jurisdiction of the person of the defendent, Dr. Merrell, and the date upon which jurisdiction can be acquired is uncertain and remote and that no formal motion for transfer was made.

■ This action is transitory and place of trial is determined by the place of residence of the defendants or some of them. Section 5–404.

By the provisions of Section 5–405 a defendant who would have a transitory action transferred to the county of his residence is required at the time of his first appearance to file "an affidavit of merits and demands, in writing, that the trial be had in the proper county". Defendant complied fully. Section 5–406 provides: "The court or judge must, on motion, when it appears by affidavit or other satisfactory proof, change the place of trial" in instances enumerated in the section, one of which is "when the county designated in the complaint is not the proper county". The statute does not provide that the motion be filed with the demand.

■ The motion called for by Section 5–406 can serve no purpose other than to call to the attention of the trial court the fact that a defendant has filed his affidavit of merits or of residence and his demand for change of place of trial. The filing of the affidavit and the demand conferred jurisdiction over the question. The motion is merely a means afforded to the moving defendant to present his demand to the court, merely a means afforded to him to ask the time of the court in the consideration of his demand. The essential facts are set forth in the affidavit of merits. On hearing of a motion to transfer the complaint, the demand and supporting showing constitute the basic pleadings. The motion tenders no issues of fact and none of law not before the court on the demand.

■ This court held in McCarty v. Herrick, 41 Idaho 529, 240 P. 192, that while it would be better practice to make the demand separate from the affidavit, there is no prohibition against embodying the demand in the affidavit of merits and that a demand included in the affidavit "served all the purpose for which a demand is required". If a demand may be included in the affidavit, we are unable to perceive a sound reason why the motion may not be included in the demand or why the demand may not be regarded as a motion under Section 5–406. A motion is an "application" for an order, Section 12–401; a demand is an application of the sternest character for an order. It is true the defendant did not label his demand a "demand and a motion", but the character of a pleading is determined by its contents and not by the name by which it is called. It is also true the defendant did not "move" or "apply" for an order changing the place of trial; he demanded it. Both the demand and the motion are served upon the same parties, are filed in the same office and are designed to accomplish the same end. By filing a mo-

tion for an order a defendant asks for no relief not theretofore demanded. It is difficult to understand why the legislature should require a mild toned "motion" in addition to the harsh "demand".

There is no contention that the plaintiffs were misled or prejudiced in any manner by the failure of the defendant to make or file a formal motion for change. There could be no such contention. When the matter was presented to the court, counsel and the court understood that the matter then for hearing was the "demand" of the defendant that the cause be transferred to the county of his residence for trial, and the parties and their counsel occupied precisely the position they would have occupied if formal motion had been filed. On the merits the same questions were before the court and the same arguments were or could have been made as upon motion of the most formal character. The court heard counsel on and considered the question. The demand of the defendant was not stricken and the objections made were not expressly sustained although the order is not inconsistent with such a conclusion. The record is that the trial judge considered the demand and denied it.

Denial of defendant's demand and application for change of place of trial solely upon the ground that no formal motion for change had been made, while conforming to the decision of this court in Holt v. Warf, supra, subordinates substance to form. The case of Holt v. Warf so far as it holds that a motion in addition to demand is in all cases an essential to the right of a defendant to change the place of trial is overruled.

Respondents also argue that the fact that Dr. Merrell, who actually resided in Bannock County until approximately a year before the commencement of the suit, is a party prevents removal. We conclude it is not necessary to determine whether he remains a resident of Bannock County. He was not before the court. It also appears that considerable time must elapse before the courts of this state can acquire jurisdiction of his person. His presence as a party defendant should at this time be disregarded. An order of transfer would affect none of his rights. If he becomes a party litigant before trial of the case against the defendant, there will then be time to consider his rights.

It is also asserted that the convenience of witnesses requires retention of the case in Bannock County. The defendant has not answered, the issues of fact have not been formed and the case is not yet ready for consideration of the question of the convenience of witnesses as affecting the place of trial. That is a question for the consideration of the court in which the action is pending when the issues are formed.

A demand for change of place of trial may be resisted or counter motion for retention may be filed in the court in which the action has been commenced only

when answer is filed by the moving defendant on his first appearance: Gordon v. Perkins, 203 Cal. 183, 263 P. 231; Dawson v. Dawson, 83 Cal.App. 119, 256 P. 491. If the defendant answers when he files his affidavit of merits and demand, the convenience of witnesses may be considered in opposition to the change: Sheffield v. Pickwick Stages, 191 Cal. 9, 214 P. 852; San Jose Hospital v. Etherton, 84 Cal.App. 516, 258 P. 611; Sowers v. Sowers, 127 Cal.App. 579, 16 P.2d 176; Wood v. Silvers, 35 Cal.App.2d 604, 96 P.2d 366; Harris v. Cannon, 42 Cal.App.2d 748, 109 P.2d 961. The cases cited by respondents are of the latter class. In Spaulding v. Hoops, 49 Idaho 289, 287 P. 947 and Moscow Vets Club v. Bishop, 69 Idaho 350, 207 P.2d 503 the cases were transferred to the county of the residence of the defendant upon his demand. Motion to return or remand was made in each case after the issues of fact had been formed and such motion was granted and affirmed. The rule, with the reason, that convenience of witnesses as fixing the place of trial may be considered only after answer has been filed is stated in Sheffield v. Pickwick Stages, 191 Cal. 9, 214 P. 852 in these words:

"The rule of the cited cases is subject to the exception that, unless answer has been filed at the time the demand for change of venue is made, a counter motion to retain the case on the ground of the convenience of witnesses will not lie. Cook v. Pendergast, 61 Cal. 72; McSherry v. Penn. C. G. M. Co., 97 Cal. 637, 32 P. 711; Pascoe v. Baker, 158 Cal. 232, 110 P. 815. This is for the obvious reason that, until the issues are settled, the court cannot determine what testimony will be material thereto."

The foregoing quotation has been cited with approval in many subsequent cases.

So it is held that affidavits supporting motion to retain or to remand to promote the convenience of witnesses must disclose the names of the witnesses with statement of testimony expected from each in order that the court may from issues formed determine, among other things, materiality. San Jose Hospital v. Etherton, 84 Cal.App. 516, 258 P. 611 and whether it is cumulative, Spaulding v. Hoops, 49 Idaho 289, 287 P. 947.

The case was not ready for consideration of convenience of witnesses and the showing was insufficient.

The order is reversed, and the cause is remanded with directions to the trial court to enter order granting defendant's demand for change of place of trial. No costs allowed.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.