299 P.2d 95

John H. STEVENS, Plaintiff,

v.

Jack McQUADE, Judge of the Second Judicial District of the State of Idaho, sitting in and for the County of Latah, and Fourth F. Thomas and Ruby I. Thomas, Defendants.

No. 8439.

Supreme Court of Idaho.

June 29, 1956.

J. H. Felton and William J. Jones, Lewiston, for plaintiff.

Felton & Bielenberg, Moscow, for defendants.

SMITH, Justice.

Plaintiff seeks to prohibit defendant district judge from proceeding further as trial judge in the action entitled Fourth F. Thomas and Ruby I. Thomas, plaintiffs, v. John H. Stevens and Mary M. Stevens, defendants, pending in the Second Judicial District Court in and for Latah County. Defendants made return to the alternative writ issued by the court March 27, 1956, and the parties have submitted the matter on

164

oral argument and written briefs. The facts preliminary to issuance of the alternative writ are hereinafter set forth.

■ July 30, 1955, Stevens and wife, as plaintiffs, commenced the referred to action by filing their complaint directed against Thomas and wife, defendants, seeking to quiet title to certain land and other relief. August 19, 1955, defendants served and filed their demurrer to the complaint. September 7, 1955, plaintiffs gave written notice to defendants of calling up the demurrer for hearing September 16, 1955. September 15, 1955, Mr. Jones, one of defendants' counsel filed an affidavit as provided by I.C. § 1–1801, subd. 4, seeking to disqualify Judge McQuade on the grounds of implied bias or prejudice. The court on motion of plaintiffs struck the affidavit, overruled the demurrer upon hearing thereon as noticed, and allowed defendants ten days to answer plaintiffs' complaint.

Subsequently, plaintiff here, defendant in Thomas v. Stevens, filed in said action September 23, 26 and 29, three several affidavits, i. e., his own affidavit, one by Mr. Felton, and one by Mr. Jones, seeking to disqualify defendant district judge. All those affidavits are identical in effect and in like effect as the first affidavit filed September 15, 1955. Each sets forth the statutory ground of implied bias or prejudice in that each alleges the personal, mental view of affiant, that he has reason to believe that the defendants (in Thomas v. Stevens) cannot have a fair and impartial trial before the trial judge because of his bias or prejudice. The affidavit of affiant Stevens, though containing somewhat different phraseology than the remaining affidavits, nevertheless alleges implied bias only; that affidavit sets out that he, Stevens, has a "firm opinion" that the trial judge is "actually biased and prejudiced against the defendants" and that therefore affiant believes that the defendants cannot have a fair and impartial trial before the trial judge. Affiant Stevens failed to allege any fact upon which to base his conclusion of actual bias.

Plaintiff in his brief, addressed to the subject matter here under consideration, advances but one premise and none other, i. e., that if the statutory affidavit of implied prejudice is filed in the cause prior to the submission of any controversial matter, the district judge is disqualified from proceeding any further therein, citing I.C. § 1–1801.

The portion of I.C. § 1–1801, being a portion of subdivision 4 thereof, applicable here, as amended Idaho Sess.Laws 1951, c. 52, p. 75, reads:

"4. When either party makes and files an affidavit as hereinafter provided, that he has reason to believe, and does believe, he cannot have a fair and impartial hearing or trial before a district judge by reason of the bias or prejudice of such judge. Such affidavit

may be made by any party to an action, motion or proceeding, personally, or by his attorney or agent, and shall be filed with the clerk of the district court in which the same may be pending at least five (5) days before the day appointed or fixed for the hearing or trial of any such action, motion, or proceeding, (providing such party shall have had notice of the hearing of such action, motion, or proceeding for at least the period of five (5) days, and in case he shall not have had notice for such length of time, he shall file such affidavit immediately upon receiving such notice). *Provided further that no such affidavit may be filed in any case after any contested matter in relation to such litigation has been submitted for decision to any judge sought to be disqualified."* (Emphasis supplied.)

The first statutory affidavit of implied prejudice filed September 15th was not filed five days before September 16th, the day appointed or fixed for hearing on the contested matter of the demurrer, as provided by said statute, although defendants' counsel had notice of the hearing in excess of five days and have not raised any question regarding notice.

The language of that statute is specific to the effect that if a party desires to make and file an affidavit of implied bias or prejudice grounded only upon the conclusion of his own personal belief of bias or prejudice of the judge, then such party must file the affidavit at least five days (or otherwise as soon as he received notice) before the day fixed for the hearing of any contested matter in relation to the litigation. Such was not done in the case here. Further, the statute forbids the filing of any such affidavit after the submission for decision of any contested matter in the pending litigation. Plaintiff counsels' interpretation of such subsection of the statute, applicable to the situation here, is therefore incorrect.

The district judge's action in striking said affidavit of bias or prejudice and in proceeding further as the judge in said action was and is proper.

The writ of prohibition herein sought, to be directed against said district judge, is denied. No costs allowed.

TAYLOR, C. J., ANDERSON, J., and BAKER, District Judge, concur.

KEETON Justice (dissenting).

In my opinion the affidavit of prejudice filed September 15, 1955, was insufficient to disqualify the District Judge for the reason that it was not timely filed, but the subsequent affidavits made and filed by defendants' attorneys and the plaintiff himself, dated September 23, 26 and 29, were sufficient.

All rulings made and matters passed on by the Honorable Jack McQuade prior to the issuing of the alternate writ dated March 27, 1956, should be allowed to stand as though no disqualification had been asserted and subject to review as in other cases; that another judge should be called in to hear the pending demurrer to the answer, motion to strike the same, and when the case is at issue, to hear and determine the litigation on the merits.

The writ prayed for should be granted.