**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37197**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2011 Opinion No. 14** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: March 30, 2011** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| FABIAN SALINAS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Gregory S. Anderson, District Judge.

Judgment of conviction for felony injury to jail, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Fabian Salinas appeals from his judgment of conviction for felony injury to a jail. Specifically, he argues that the district court erred in denying his motion to dismiss. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

While incarcerated at the Bonneville County jail, Salinas scratched gang-associated abbreviations into a holding cell door, window, doorframe, and bathroom divider. The state charged Salinas with injury to a jail. I.C. § 18-7018. Salinas filed a motion to dismiss, asserting he was being unlawfully prosecuted for injury to a jail and that the damage to the holding cell did not rise to the level of injury contemplated by I.C. § 18-7018. In his motion to dismiss, Salinas also asked the district court to find the language of I.C. § 18-7018 ambiguous, thereby allowing the statute to be construed in his favor. The district court denied the motion to dismiss. Salinas subsequently entered a conditional guilty plea, preserving his right to challenge the district

court's denial of his motion to dismiss. In exchange for his guilty plea, the state dismissed an allegation that Salinas was a persistent violator. Salinas appeals.

## II.

## ANALYSIS

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Salinas argues that he should not have been charged with injury to a jail because the damage to the holding cell did not affect the soundness of the jail or the safety of the inmates or general public. Salinas argues that the language "breaks down, pulls down or otherwise destroys" in I.C. § 18-7018 demonstrates that the legislature only intended the statute to apply when damage affects the jail's soundness or the safety of inmates or the public. Idaho Code Section 18-7018 provides:

> Every person who wilfully and intentionally breaks down, pulls down or otherwise destroys *or injures* any public jail or other place of confinement, is punishable by fine not exceeding $10,000, and by imprisonment in the state prison not exceeding five years.

(Emphasis added).

The plain language of I.C. § 18-7018 clearly and unambiguously prohibits injury to any public jail or other place of confinement. The language "breaks down, pulls down or otherwise destroys" is not written in terms of examples of the only kind of damage prohibited by the statute as Salinas suggests because there is no "such as" or similar language that would support such an interpretation. To regard this language as if it referred to examples of the only kind of damage prohibited would render the words "or injures" irrelevant in the statute. Additionally, the legislature's use of the word "or" in I.C. § 18-7018 is important. The word "or" is a "function word" used to express an alternative. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY

2

1585 (1993). This Court has previously concluded that the word "or" should be given its normal disjunctive meaning unless doing so would produce an absurd or unreasonable result. *State v. Rivera*, 131 Idaho 8, 10, 951 P.2d. 528, 530 (Ct. App. 1998). The statute is not ambiguous.

In addition, Salinas argues that being charged with misdemeanor injury to property[1] is more appropriate than felony injury to a jail because Idaho case law limits the application of I.C. § 18-7018. The Idaho Supreme Court has stated that, "when damage is done to a jail, inmates may escape; prisoners may have to be removed from the premises, and movement always creates security problems." *State v. Ash*, 94 Idaho 542, 546, 493 P.2d 701, 705 (1971). Salinas argues that the Court in *Ash* limited the application of I.C. § 18-7018 to situations where the jail is structurally damaged to the extent that inmates may have the opportunity to escape. However, when examined within the context of the case, which was a challenge to the injury to jails statute on equal protection grounds, this language assumes a different meaning. Rather than limiting the application of I.C. § 18-7018 as Salinas suggests, this language provides an explanation for the conclusion that damage to a jail is a more egregious offense than damage to other real or personal property because of the possible consequences. *See Ash*, 94 Idaho at 545, 493 P.2d at 705. Salinas cites other injury to jail cases in which more severe damage was inflicted on jails but none of those cases stand for the proposition that the damage inflicted must be more severe than the damage inflicted by Salinas in this case in order to sustain a conviction. Therefore, we reject Salinas's argument that he should have been charged with misdemeanor injury to property rather than felony injury to a jail.

Finally, Salinas urges this Court to adopt a narrow definition of "injure" that he contends was contemplated by I.C. § 18-7018. Specifically, citing an online dictionary, Salinas asserts that, as used in the statute, an injury must "impair the soundness" of the jail or "inflict material damage or loss." The definition suggested by Salinas ignores other common definitions. For example, the definition of "injure" also includes "to do an injustice to: WRONG." WEBSTER'S at 1164. Furthermore, common synonyms of "injure" include "harm" and "damage." *Id*. *See also* BLACKS LAW DICTIONARY 801 (8th ed. 2007) (defining "injury" as the "violation of another's legal right, for which the law provides a remedy; a wrong or injustice"). As previously stated,

---

[1]    Salinas references Idaho Code Section 18-7001(1) which applies to a person who "maliciously injures or destroys any real or personal property not his own."

the language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. We decline to adopt the narrow definition proposed by Salinas.

## III.

## CONCLUSION

Salinas has failed to show that the statute is ambiguous. Salinas has also failed to demonstrate that prior Idaho case law limits the application of I.C. § 18-7018 or that this Court should adopt a narrow definition of injury. The district court did not err when it denied the motion to dismiss. Accordingly, Salinas's judgment of conviction for felony injury to a jail is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**